Larry KIRBY, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 06A01–0406–PC–258.

Court of Appeals of Indiana.

Feb. 28, 2005.

Transfer Denied June 14, 2005.

Larry Kirby, Bunker Hill, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Petitioner Larry Kirby ("Kirby") appeals the post-conviction court's denial of his petition for post-conviction relief. We affirm.

### Issue

Kirby raises one issue on appeal, which we restate as whether the post-conviction court erred by determining that his claims were barred by the doctrine of laches.

### Facts and Procedural History

On October 10, 1975, Kirby pleaded guilty to the offenses of entering to commit a felony and second-degree burglary. The trial court accepted Kirby's guilty pleas and sentenced him to the Indiana Department of Correction for a period of one to five years for the "entering to commit a felony" conviction and two to five years for the second-degree burglary conviction, to be served concurrently. After serving his aggregate two- to five-year sentence, Kirby was convicted of several other offenses, including public intoxication and drawing a dangerous weapon in 1977, two counts of burglary as both a Class B and a Class C felony in 1979, operating while intoxicated as a Class A misdemeanor in 1984, and carrying a concealed weapon in Florida in 1986.

On December 4, 2003, while he was serving time on another offense, Kirby filed a petition for post-conviction relief alleging that his guilty pleas on the offenses of entering to commit a felony and second-degree burglary were not supported by sufficient factual bases.[1] In its answer to Kirby's petition, the State asserted, as an affirmative defense, that the petition was barred by the doctrine of laches. In support of its defense, the State submitted the affidavit of Bruce Petit ("Petit"), the Chief Trial Deputy of the Boone County Prosecutor's Office and a twenty-two-year veteran prosecuting attorney. In his affidavit, Petit averred:

> That the State's files for Cause Numbers S–6207 [2] and S–6093 [3] have been destroyed, including photographs and other tangible evidence in those files.
>
> * * *
>
> That the State has been severely prejudiced by the time delay and it would be impossible to recreate the file and evidence in order to proceed to trial.
>
> The State has not yet been able to locate all victims and does not know where they are at this time.
>
> In my experience and opinion, if all witnesses were found, the lack of knowledge of specific details that is certain to be lost over a thirty (30) year period greatly diminishes the State's ability to present its case in chief.

Appellant's App. at 47.

After conducting an evidentiary hearing, the post-conviction court denied Kirby's petition for relief on the basis of laches. In particular, the post-conviction court found that Kirby had "delayed unreasonably in challenging his conviction and that

---

1. Indiana Code Section 35–35–1–3, which was formerly codified at Indiana Code Section 35–4.1–1–4, provides, in relevant part:
 (b) The court shall not enter judgment upon a plea of guilty or guilty but mentally ill at the time of the crime unless it is satisfied from its examination of the defendant or the evidence presented that there is a factual basis for the plea.

2. "S–6207" represents the cause number that resulted in Kirby's conviction for entering to commit a felony.

3. "S–6093" represents the cause number that resulted in Kirby's conviction for second-degree burglary.

the State would be unduly prejudiced by having to try a case over an alleged incident occurring over 30 years ago." *Id.* at 5. This appeal ensued.

### Discussion and Decision

 On appeal, Kirby argues that the post-conviction court erred by determining that his petition was barred by the equitable doctrine of laches. The doctrine of laches operates to bar consideration of the merits of a claim or right of one who has neglected for an unreasonable time, under circumstances permitting due diligence, to do what in law should have been done. *Armstrong v. State,* 747 N.E.2d 1119, 1120 (Ind.2001). For laches to apply, the State must prove by a preponderance of the evidence that the petitioner unreasonably delayed in seeking relief and that the State is prejudiced by the delay. *Williams v. State,* 716 N.E.2d 897, 901 (Ind.1999).

 A petitioner can seldom be found to have unreasonably delayed unless he or she has knowledge of a defect in the conviction. *McCollum v. State,* 671 N.E.2d 168, 170 (Ind.Ct.App.1996), *clarified on reh'g,* 676 N.E.2d 356 (Ind.Ct.App.1997), *trans. denied.* A finding of knowledge and acquiescence is therefore implicit in a finding of unreasonable delay. *Id.* "Repeated contacts with the criminal justice system, consultation with attorneys and incarceration in a penal institution with legal facilities are all facts from which the fact finder may infer knowledge." *Perry v. State,* 512 N.E.2d 841, 845 (Ind.1987), *reh'g denied.*

 In addition, for post-conviction laches purposes, prejudice exists when the unreasonable delay operates to materially diminish a reasonable likelihood of successful re-prosecution. *Armstrong,* 747 N.E.2d at 1120. "The inability to reconstruct a case against a petitioner is demonstrated by unavailable evidence such as destroyed records, deceased witnesses, or witnesses who have no independent recollection of the event." *Taylor v. State,* 492 N.E.2d 1091, 1093 (Ind.Ct.App.1986). The State has an obligation to use due diligence in its investigation of the availability of evidence and witnesses. *McCollum,* 671 N.E.2d at 172 (quotations omitted).

 Because the State had the burden of proving laches as an affirmative defense, Kirby is not appealing from a negative judgment, and the applicable standard of review requires that we affirm unless we find that the judgment was clearly erroneous. *Armstrong,* 747 N.E.2d at 1120; *see also* Ind. Trial Rule 52(A). This is a review for sufficiency of evidence. *Armstrong,* 747 N.E.2d at 1120. As with other sufficiency of the evidence claims, we do not reweigh the evidence nor judge the credibility of witnesses when reviewing a claim that evidence is insufficient to establish laches. *See id.; see also Lacy v. State,* 491 N.E.2d 520, 521 (Ind.1986). Rather, we consider only the evidence most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. *Sanders v. State,* 733 N.E.2d 928, 930 (Ind.2000). If the post-conviction court's finding is supported by substantial evidence of probative value, the judgment will be affirmed. *Id.*

 In the present case, Kirby maintains that the post-conviction court erred by applying the doctrine of laches to his petition because the State failed to meet its burden of proving unreasonable delay and resulting prejudice. With respect to a showing of unreasonable delay, the record reveals that, approximately *twenty-eight years* after Kirby was convicted of entering to commit a felony and second-degree burglary, he filed his petition for post-conviction relief, alleging that sufficient factual bases did not exist to

support his guilty pleas.[4] The evidence further demonstrates that, subsequent to these two convictions, Kirby was convicted of, and served sentences for, several other offenses including public intoxication and drawing a dangerous weapon in 1977, two counts of burglary as both a Class B and a Class C felony in 1979, operating while intoxicated as a Class A misdemeanor in 1984, and carrying a concealed weapon in 1986. From his repeated contacts with the criminal justice system, the trial court could have reasonably inferred that Kirby enjoyed access to the law library and, thus, could have learned about post-conviction remedies. Kirby's twenty-eight-year delay in filing the petition for post-conviction relief, coupled with his presumed knowledge of the criminal justice system, is sufficient for the trial court to infer that the delay in dispute was unreasonable. *See, e.g., Mahone v. State*, 742 N.E.2d 982, 985 (Ind.Ct.App.2001) (noting that, although lapse of time does not by itself constitute laches, a long delay in filing for post-conviction relief may be sufficient to infer that the delay was unreasonable), *reh'g denied*.

■ Turning now to the prejudice prong of the laches analysis, the evidence reveals that, at the time of Kirby's petition for post-conviction relief, the State's files for the applicable offenses, including photographs and other tangible evidence, had been destroyed. The evidence also demonstrates that the State was unable to locate all the victims of Kirby's offenses and was unaware of their present addresses.[5] This evidence is sufficient to show that, because of Kirby's lengthy delay in filing his petition for post-conviction relief, the State was unable to reconstruct its case against Kirby and has, thus, suffered prejudice. As such, the post-conviction court did not err by denying Kirby's petition for post-conviction relief on the basis of laches.

For the foregoing reasons, we affirm the post-conviction court's denial of Kirby's petition for post-conviction relief.

Affirmed.

SULLIVAN, J., and MATHIAS, J., concur.

---

4. At the outset, we note that the mere fact that Kirby has served his aggregate two- to five-year sentence on the convictions at issue does not render his claim regarding the validity of such convictions moot. Indeed, a criminal conviction remains a live controversy, even after the sentence is served, because it often leads to collateral consequences. *See In re Stariha*, 509 N.E.2d 1117, 1123 (Ind.Ct.App.1987). In the present case, Kirby's criminal convictions have collateral consequences inasmuch as they have or may form the basis of a habitual offender enhancement. *Id.*

5. We are reluctant to accept Petit's affidavit statement that, in his twenty-two years of experience, he believes that even if all witnesses to Kirby's offenses were found, "the lack of knowledge of specific details that is certain to be lost over a thirty (30) year period [would] greatly diminish[ ] the State's ability to present its case in chief, as proof of prejudice." Appellant's App. at 47. Indeed this statement of Petit's opinion does not meet the State's obligation to use due diligence in its investigation of the availability of evidence and witnesses. *See, e.g., McCollum*, 671 N.E.2d at 172.