Mark OLIVER, Appellant–Petitioner

v.

STATE of Indiana, Appellee–
Respondent.

No. 49A02–0504–PC–285.

Court of Appeals of Indiana.

March 13, 2006.

Transfer Denied May 19, 2006.

Susan K. Carpenter, Public Defender of Indiana, Jeffrey R. Wright, Deputy Public Defender, Indianapolis, for Appellant.

Stephen R. Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Petitioner–Appellant Mark Oliver ("Petitioner") appeals from the denial of his petition for post-conviction relief.

We affirm.

### ISSUES

Petitioner raises the following issues for our review:

I. Whether the post-conviction court erred by finding that Petitioner's claim was barred by laches.

II. Whether the post-conviction court erred by finding that a sufficient factual basis supported Petitioner's guilty plea.

III. Whether the post-conviction court erred by finding that Petitioner did not protest his innocence while pleading guilty.

IV. Whether the post-conviction court erred by finding that Petitioner's plea was knowingly, intelligently, and voluntarily made.

V. Whether the post-conviction court erred by finding that Petitioner received effective assistance of counsel.

### FACTS AND PROCEDURAL HISTORY

On October 3, 1992, Joseph Matillo's apartment was burglarized. Petitioner and George Myers were at the apartment building that day. Petitioner saw stolen items in the hallway and carried a television, cassette radio, and tackle box belonging to Matillo into Myers' apartment.

Petitioner was charged with burglary, a Class B felony, theft, a Class D felony, and resisting law enforcement, a Class A misdemeanor. On April 12, 1993, Petitioner entered a guilty plea to the offense of theft, a Class D felony. The trial court accepted Petitioner's plea and sentenced Petitioner to a term of three years executed on the Class D felony conviction.

In October of 2003, Petitioner filed a pro se petition for post-conviction relief. In its answer, the State asserted the defense of laches. Counsel was appointed for Petitioner and an amended petition for post-conviction relief was filed wherein Petitioner alleged that a factual basis was not established for his plea, that he protested his innocence while entering the guilty plea, that he did not knowingly, voluntarily or intelligently plead guilty because he did not know the statutory elements of theft, and that he was denied the effective assistance of counsel.

An evidentiary hearing was held on Petitioner's petition on November 12, 2004. Later, the case was reopened for the limited purpose of allowing Petitioner to present additional evidence, a CCS for Myers' trial in this same matter, showing that Myers had been acquitted by a jury of the offense of burglary, but had been found guilty of theft and resisting law enforcement.

On February 16, 2005, the post-conviction court issued its findings of fact and conclusions of law denying Petitioner relief. The post-conviction court found that laches barred Petitioner from the relief he

sought. The post-conviction court further found that Petitioner had admitted the factual basis supporting his plea, that he did not protest his innocence while pleading guilty, that he knowingly, voluntarily, and intelligently pleaded guilty to theft, and received effective assistance of counsel.

The post-conviction court did correct a clerical error in the CCS and abstract of judgment. The court ordered the deletion of a conviction for the misdemeanor offense of resisting arrest, and ordered the correction of the abstract of judgment to reflect that the sentence imposed for theft was three years.

Additional relevant facts will be supplied as necessary in the following sections.

### DISCUSSION AND DECISION

### STANDARD OF REVIEW

 Under the rules of post-conviction relief, Petitioner must establish the grounds for relief by a preponderance of the evidence. *See* Ind. Post–Conviction Rule 1, § 5; *Johnson v. State*, 832 N.E.2d 985, 991 (Ind.Ct.App.2005). To succeed on appeal from the denial of relief, Petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite to the one reached by the post-conviction court. *Johnson*, 832 N.E.2d at 991. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. *Id.*

 The post-conviction court in this case entered findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1, § 6. A post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made. *Johnson*, 832 N.E.2d at 992.

Upon review, findings of fact are accepted unless clearly erroneous, but no deference is accorded conclusions of law. *Id.* Petitioner is not entitled to a perfect trial, but is entitled to a fair trial, free of errors so egregious that they, in all probability, caused the conviction. *Id.*

### I. LACHES

 The doctrine of laches operates to bar consideration of the merits of a claim or right of one who has neglected for an unreasonable time, under circumstances permitting due diligence, to do what in law should have been done. *Kirby v. State*, 822 N.E.2d 1097, 1100 (Ind.Ct.App.2005). For laches to apply, the State must prove by a preponderance of the evidence that the petitioner unreasonably delayed in seeking relief and that the State is prejudiced by the delay. *Id.*

 A petitioner can seldom be found to have unreasonably delayed unless he or she has knowledge of a defect in the conviction. *Id.* A finding of knowledge and acquiescence is therefore implicit in a finding of unreasonable delay. *Id.* Repeated contacts with the criminal justice system, consultation with attorneys and incarceration in a penal institution with legal facilities are all facts from which the fact finder may infer knowledge. *Id.*

 For post-conviction laches purposes, prejudice exists when the unreasonable delay operates to materially diminish a reasonable likelihood of successful reprosecution. *Id.* The inability to reconstruct a case against a petitioner is demonstrated by unavailable evidence such as destroyed records, deceased witnesses, or witnesses who have no independent recollection of the event. *Id.* The State has an obligation to use due diligence in its investigation of the availability of evidence and witnesses. *Id.*

Because the State had the burden of proving laches as an affirmative defense, Petitioner is not appealing from a negative judgment, and the applicable standard of review requires that we affirm unless we find that the judgment was clearly erroneous. *Id.* This is a review for sufficiency of evidence. *Id.* As with other sufficiency of the evidence claims, we do not reweigh the evidence nor judge the credibility of witnesses when reviewing a claim that evidence is insufficient to establish laches. *Id.* Rather, we consider only the evidence most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. *Id.* If the post-conviction court's finding is supported by substantial evidence of probative value, the judgment will be affirmed. *Id.*

Petitioner alleges that the State failed to meet its burden of establishing that Petitioner unreasonably delayed in pursuing his post-conviction relief remedies, and that the delay would cause the State prejudice.

The record in the case reflects that Petitioner waited ten years before seeking post-conviction relief in this matter. The court found that Petitioner is currently incarcerated on an unrelated conviction, and that the conviction being reviewed here is being used to support a habitual offender enhancement. To support its affirmative defense, the State presented an affidavit in which the State's investigator stated she was unable to locate two of the police officers involved in the investigation of this theft, and that the two officers she did locate, Officers Goodard and Moore, had no independent recollection of this theft or of Petitioner. The State's investigator also stated in her affidavit that she was unable to locate the victim in this case.

The State Public Defender's Investigator testified that she located a relative of the victim, but was unable to locate the victim. This investigator also testified that she located Patricia Dunn, Petitioner's girlfriend at the time of the theft, who remembered only that Petitioner was found and arrested in her house. This investigator also testified that she located Myers, Petitioner's co-defendant, who was convicted of theft after a jury trial, at his mother's home, but that while Myers remembered the theft, he did not remember a lot about it.

Petitioner's criminal record prior to the theft conviction at issue included one juvenile adjudication and an adult burglary conviction. The record reflects that Petitioner was incarcerated at the Indiana State Farm for four months following his conviction, spoke with other inmates, felt he was wrongly convicted, and had access to a law library. Petitioner subsequently was convicted in 2002. Petitioner was represented by counsel in all three adult proceedings. The post-conviction court concluded that Petitioner had enough contacts with the criminal justice system to know of post-conviction remedies prior to ten years after his plea of guilty.

A petitioner may be charged with knowledge of post-conviction proceedings where the circumstances are such as to put a person on inquiry, and the means of ascertaining the truth are readily available if inquiry is made, the neglect or failure to inquire will charge the person with laches the same as though the facts were known. *Pinkston v. State,* 479 N.E.2d 79, 82 (Ind. Ct.App.1985). Information regarding post-conviction proceedings was readily available to Petitioner had he made an attempt at inquiry. The post-conviction judge did not err in finding that Petitioner was aware or had the opportunity to become aware of the existence of post-conviction relief proceedings, but neglected to do so. Furthermore, the State sufficiently showed that it was unreasonably prejudiced by

Petitioner's delay. The reasonable likelihood of successful re-prosecution was materially diminished by the delay attributable to Petitioner's neglect in pursuing post-conviction relief. *See Stewart v. State*, 548 N.E.2d 1171, 1176 (Ind.Ct.App. 1990).

We find that the post-conviction court correctly reached the conclusion that the Petitioner unreasonably delayed in seeking relief and that the State would be prejudiced by the delay.

## II. FACTUAL BASIS FOR THE PLEA

■ Petitioner alleges that the trial court failed to establish a factual basis for theft and that he was prejudiced by the trial court's acceptance of Petitioner's guilty plea. Petitioner claims that the post-conviction court erred by finding that he was not entitled to relief on this basis.

■ Ind.Code § 35–35–1–3(b) provides in relevant part that "the court shall not enter judgment upon a plea of guilty unless it is satisfied from its examination of the defendant or the evidence presented that there is a factual basis for the plea." The factual basis requirement primarily ensures that when a plea is accepted there is sufficient evidence that a court can conclude that the defendant could have been convicted had he stood trial. *Butler v. State*, 658 N.E.2d 72, 76 (Ind.1995). A finding of factual basis is a subjective determination that permits a court wide discretion which is essential due to the varying degrees and kinds of inquiries required by different circumstances. *Id.* at 76–77. A factual basis exists when there is evidence about the elements of the crime from which a court could reasonably conclude that the defendant is guilty. *Id.* at 77. Trial court determinations of adequate factual basis, like other parts of the plea process, arrive here on appeal with a presumption of correctness. *Id.* We typi-

cally review claims of error about pleas under an abuse of discretion standard. *Id.* This standard is also appropriate where, as here, the Petitioner asks that his plea be set aside through a motion for post-conviction relief on grounds that the factual basis was inadequate. *See id.*

■ An adequate factual basis for the acceptance of a guilty plea may be established in several ways: (1) by the State's presentation of evidence on the elements of the charged offenses; (2) by the defendant's sworn testimony regarding the events underlying the charges; (3) by the defendant's admission of the truth of the allegations in the information read in court; or (4) by the defendant's acknowledgment that he understands the nature of the offenses charged and that his plea is an admission of the charges. *Madden v. State*, 697 N.E.2d 964, 967 (Ind.Ct.App. 1998). To be guilty of theft, a defendant must have knowingly or intentionally exerted unauthorized control over the property of another with the intent to deprive the person of any part of its value or use. *See* Ind.Code § 35–43–4–2.

In the present case, the record reveals that the State read the charging information to Petitioner, who indicated that he understood it and that he understood that by pleading guilty he was admitting the truth of the allegations in the charging information. Our supreme court has held that a defendant's admission of guilt after hearing a recitation of the charges against him can be a sufficient factual basis. *Lowe v. State*, 455 N.E.2d 1126, 1129 (Ind.1983). The post-conviction court found that Petitioner admitted his guilt after the State recited the charges against him, and concluded that the factual basis against Petitioner was adequate. We find that the post-conviction court did not abuse its discretion here.

Furthermore, the post-conviction court found that the trial court engaged in additional colloquy with Petitioner regarding the factual basis for the plea. Petitioner stated that he was guilty of theft because he took items that were not his from the hallway of the apartment building. He also stated that he and Myers heard someone running down the back stairs when they arrived. Petitioner testified that by picking up items that were not his in an apartment building and putting them in Myers' apartment that he was stealing. Although Petitioner claims that he thought the items were abandoned, a sufficient factual basis was established for acceptance of the guilty plea.

### III. PROTESTATION OF INNOCENCE

■■■ Petitioner claims that the trial court erred by accepting his guilty plea because Petitioner protested his innocence when making the plea. Petitioner claims that the post-conviction court erred by denying him relief on this claim.

■■■ In *North Carolina v. Alford,* 400 U.S. 25, 38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the United States Supreme Court held that an admission of guilt was not a constitutional requisite to a valid guilty plea although the Court acknowledged that the states might preclude their courts from accepting pleas from defendants who asserted their innocence. Our supreme court held that, as a matter of law, a judge may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same time. *See Ross v. State,* 456 N.E.2d 420, 423 (Ind.1983). To accept such a plea constitutes reversible error. *Id.*

Petitioner alleges that his testimony at the guilty plea hearing denying knowledge about how the items ended up in the hallway at the apartment building constituted a protestation of innocence made simultaneously with his guilty plea. He contends that the trial court committed reversible error by accepting the plea, and that the post-conviction court erred by denying him relief on this claim.

The record reflects that the trial court asked the Petitioner what behavior Petitioner engaged in that made him guilty of theft. Petitioner responded that on the date in question, he and Myers went to Myers' apartment building and "saw the merchandise, which was stolen, in the hallway so we picked it up and put it in Mr. Meyer's apartment." Appellant's App. p. 113. While Petitioner also stated that he did not know how the items got in the hallway, he referred to the merchandise as "stolen." Petitioner further stated that he did know the person to whom the items belonged. Petitioner stated that he saw his conduct as stealing because he was taking items that were not his sitting in a hallway in an apartment building and putting them in Myers' apartment.

Our review of the testimony at the guilty plea hearing leads us to the conclusion that Petitioner was not protesting his innocence while pleading guilty. The trial court properly accepted the guilty plea, and the post-conviction court correctly denied Petitioner relief on this basis.

### IV. KNOWING, VOLUNTARY AND INTELLIGENT PLEA

■■■ Petitioner alleges now that he did not understand the nature of the offense to which he was pleading guilty. Therefore, he claims that his plea was not knowingly, voluntarily and intelligently made. More specifically, Petitioner claims that he was not aware that his knowledge that the merchandise was stolen, was an element of the crime, and since he did not know that the character of the merchandise was any-

thing but abandoned, the plea was not voluntary.

Ind.Code § 35–35–1–2(a) provides in relevant part:

> The court shall not accept a plea of guilty without first determining that the defendant:
>
> (1) understands the nature of the charge against him;

Ind.Code § 35–43–4–2(a) provides in relevant part that a person who knowingly exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony. A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so. Ind.Code § 35–41–2–2(b).

In the present case, during the hearing Petitioner listened to the State read the information charging Petitioner with theft. Petitioner testified that he understood the information as read by the deputy prosecutor. Petitioner also testified that he understood that by pleading guilty, he was admitting the truth of everything alleged against him.

The trial court asked Petitioner to testify about what he did that made him think he was guilty of theft. Petitioner testified that he went with his friend, Myers, to Myers' apartment building. There they saw "the merchandise, which was stolen, in the hallway so we picked it up and put it in Mr. Meyer's apartment." Appellant's App. p. 66. The trial court then asked Petitioner to identify the merchandise, which he did. Petitioner then testified that he heard somebody running down the back stairs of the apartment building, and that there are three apartments in the building.

The State then informed the court that Petitioner had been charged with burglary and theft because the State's information was that Petitioner and his friend had burglarized the apartment and stolen the items. The State then indicated that the key to Petitioner's plea to the theft charge was that he knew the items were stolen, and that he exerted unauthorized control over the items. The trial court then specifically asked several questions to determine the extent of Petitioner's knowledge that the items were stolen.

A petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with Ind.Code § 35–35–1–2 has not met his burden of proof. *White v. State,* 497 N.E.2d 893, 905 (Ind.1986). He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with Ind.Code § 35–35–1–2(a) rendered his decision involuntary or unintelligent. *Id.*

Petitioner denied knowing how the items ended up in the hallway. However, Petitioner testified that he knew the items were not his, and that by taking the items and placing them in Myers' apartment, he was committing theft. Therefore, the inference that Petitioner was aware of the stolen character of the items is a reasonable one. Four pages of transcript cover the trial court's discussion with Petitioner and the State regarding the issue of Petitioner's knowledge that the items were stolen. The post-conviction judge, who was in the best position to judge Petitioner's credibility, found that Petitioner was making this argument now in an attempt to void this conviction which was being used to support his current habitual offender enhancement.

The trial court did not err by accepting Petitioner's guilty plea. The post-convic-

tion trial judge did not err by denying Petitioner relief based on this argument.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

■■■ Last, Petitioner claims that the post-conviction court erred by concluding that he received effective assistance of counsel. Petitioner claims that his counsel's failure to advise him that Petitioner could be convicted of theft only if he knew that the property was stolen when he moved it, amounted to ineffective assistance of counsel.

■■■ To prevail on a claim of ineffective assistance of counsel, a petitioner must show the lawyer's performance fell below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Segura v. State*, 749 N.E.2d 496, 500–501 (Ind.2001). Effectiveness of counsel is a mixed question of law and fact. *Id.* at 501.

■■■ Counsel is presumed competent, and whether a lawyer performed reasonably under the circumstances is determined by examining the whole of the lawyer's work on a case. *Brightman v. State*, 758 N.E.2d 41, 46 (Ind.2001). A defendant must offer strong and convincing evidence to overcome the presumption that counsel prepared and executed an effective defense. *Id.*

■■■ To prevail on a claim of ineffective assistance of counsel, where a petitioner for post-conviction relief pled guilty, the petitioner must establish both that counsel's performance was deficient and a reasonable probability that, but for counsel's errors, petitioner would not have pled guilty and would have insisted on going to trial. *Von Hagel v. State*, 568 N.E.2d 549, 550 (Ind.Ct.App.1990). Moreover, if a pe-

titioner is convicted pursuant to a guilty plea, and later claims that his counsel rendered ineffective assistance because counsel overlooked or impaired a defense, the petitioner must show that a defense was indeed overlooked or impaired and that the defense would have likely changed the outcome of the proceeding. *Richardson v. State*, 800 N.E.2d 639, 646 (Ind.Ct.App. 2003).

In the present case, Petitioner pleaded guilty pursuant to a written plea agreement. In that agreement, which was an exhibit at Petitioner's post-conviction hearing, Petitioner acknowledged that he was satisfied with his defense counsel's representation, that he had adequate time to consult with defense counsel, and discussed the particulars of the case against Petitioner with defense counsel. Further, the probable cause affidavit indicated that Petitioner and Myers fled from the police, that Matillo's apartment had been broken into and property was stolen, that a neighbor saw Petitioner and Myers breaking into Matillo's apartment, Petitioner was found by the police in the back of his girlfriend's house, and that Petitioner admitted to the police that he assisted Myers in carrying the property to Myers' apartment. That evidence, which was available to defense counsel supported the charges against Petitioner. It was reasonable for Petitioner's counsel to recommend that Petitioner plead guilty to the theft charge in exchange for dismissal of the burglary and resisting law enforcement charges. The information in the probable cause affidavit also raises a reasonable inference that Petitioner knew of the stolen character of the property at issue.

Petitioner failed to meet his burden of establishing a reasonable probability of acquittal. The deputy prosecutor indicated that the State was prepared to proceed to trial on the matter, when the plea agree-

ment was reached. If the evidence in the probable cause affidavit had been presented at trial, it is unlikely Petitioner would have been acquitted. Therefore, the post-conviction court did not err by finding that the Petitioner received effective assistance of counsel.

## CONCLUSION

The post-conviction court did not err by finding that Petitioner's claim was barred by laches. There was a sufficient factual basis to support Petitioner's guilty plea. The record does not reveal that Petitioner simultaneously protested his innocence while pleading guilty. Petitioner's plea was knowingly, intelligently, and voluntarily made. Last, Petitioner did receive effective assistance of counsel.

Affirmed.

DARDEN, J., and BARNES, J., concur.