Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

APPELLANT PRO SE:

**DANIEL R. FUQUAY, SR.**
Branchville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana



FILED
Nov 20 2012, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DANIEL R. FUQUAY, SR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1110-PC-519 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Kelli E. Fink, Magistrate
Cause No. 82C01-0803-FD-258

**November 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Daniel R. Fuquay, Sr. appeals the denial of his petition for post-conviction relief.  He raises seven issues; however, we consolidate and restate the dispositive issue as whether the post-conviction court properly denied Fuquay's petition.

We affirm.

### FACTS AND PROCEDURAL HISTORY

In March 2008, the State arrested Fuquay and charged him with Class D felony possession of cocaine[1] in cause number 82D02-0803-MC-180 ("MC-180").  Thereafter, for reasons not clear in the record, the charge was transferred to cause number 82C01-0803-MC-213 ("MC-213"), which was then closed and dismissed after the State had filed the same possession charge against Fuquay in cause number 82C01-0803-FD-258 ("FD-258").

Trial was scheduled for May 19, 2008; however, the parties appeared in court on May 16, at which time the trial of FD-258 was vacated due to court congestion, and the State noted that a plea offer had been made to Fuquay, and "if defendant does not accept the offer, [the] State advises a new case will be filed which is a Class B felony." *Appellant's App*. at 13.  Thereafter, in June 2008, Fuquay entered a plea of guilty to the Class D felony possession of cocaine charge in FD-258, and the trial court accepted the plea on June 23, 2008.  At sentencing, the trial court imposed six months of incarceration to be served consecutively to other cause numbers, 82C01-0703-FB-281 ("FB-281") and 82C01-0912-CF-8529.

On March 10, 2010, Fuquay filed a petition for post-conviction relief.  After a number of withdrawn appearances by public defenders, the trial court ordered on January 5, 2011 that

2

the cause proceed by affidavit. On March 17, 2011, Fuquay, proceeding pro se, filed proposed findings of fact and conclusions of law, which he amended with trial court permission on April 27, 2011. Thereafter, the State filed its proposed findings of fact and conclusions of law. In September 2011, the trial court issued its findings and conclusions and denied Fuquay relief. He now appeals.

## DISCUSSION AND DECISION

The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Willoughby v. State*, 792 N.E.2d 560, 562 (Ind. Ct. App. 2003), *trans. denied*. When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Willoughby*, 792 N.E.2d at 562. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.*

In his initial petition, filed in February 2010, Fuquay asserted five alleged grounds for relief: (1) he was "denied counsel in his initial phase"; (2) he was "denied his right to a fast and speedy trial"; (3) he was "denied effective assistance of counsel, whom failed to challenge the lawfulness of the arrest, inter alia"; (4) there was not "probable cause for the arrest and seizure, [and] the evidence obtained [was] 'fruits of the poisonous tree'"; and (5) his plea was "[not] a voluntary and intelligent choice, or [was] obtained by a threat." *Appellant's App*. at 39. Later, in April 2011, Fuquay filed an Affidavit and Proposed Findings of Fact and Conclusions of Law, and therein asserted two more grounds for relief,

---

[1] *See* Ind. Code § 35-48-4-6(a).

alleging that: (1) the trial court violated Indiana statutory law when it ordered that $500 of Fuquay's bond be allocated to the Public Defender's Fund; and (2) Fuquay did not receive a fair opportunity to challenge his right against unreasonable searches under the Indiana Constitution. *Id*. at 52. Those same seven issues are presented to us in his appeal.

Post-conviction procedures do not afford the petitioner with a super-appeal. *Lindsey v. State*, 888 N.E.2d 319, 322 (Ind. Ct. App. 2008), *trans. denied*. Rather, subsequent collateral challenges to convictions must be based on the grounds enumerated in the post-conviction rules. *Id*. If an issue was known and available, but not raised on direct appeal, it is waived. *Id*. Here, Fuquay chose to plead guilty; now is not the time to assert claims regarding the lawfulness of the search or seizure or whether his bond was allocated appropriately. *See Neville v. State*, 663 N.E.2d 169, 172 (Ind. Ct. App. 1996) (following conviction upon guilty plea, defendant's challenge to search of house is not proper). Of the seven asserted issues, only two are appropriate post-conviction claims for our review, namely, whether he received effective assistance of trial counsel and whether his plea was voluntary.[2] *See e.g.*, *Oliver v. State*, 843 N.E.2d 581, 591 (Ind. Ct. App. 2006) (post-conviction claim of ineffective assistance of trial counsel), *trans. denied*, and *Barker v. State*, 812 N.E.2d 158, 162-63 (Ind. Ct. App. 2004), (post-conviction claim that guilty plea was not knowing and voluntary), *trans. denied*. Upon examination of Fuquay's brief, we find that he

---

[2] We note that, according to the State, "Fuquay [] has pursued so many appeals and raised so many issues that keeping track is becoming difficult. But the undersigned counsel has already written at least once and perhaps even twice about the willingness and voluntariness of Fuquay's guilty plea in cause FB-281." *Appellee's Br*. at 5-6.

fails to provide cogent argument or legal support for the two available issues, and thus his claims are waived. Ind. Appellate Rule 46(a)(8).

Waiver notwithstanding, we find no post-conviction court error. It appears that the primary theme of Fuquay's appeal is that his trial attorney was ineffective. To prevail on a claim of ineffective assistance of counsel, a petitioner must show the lawyer's performance fell below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Oliver*, 843 N.E.2d at 591 (citing *Segura v. State,* 749 N.E.2d 496, 500-01 (Ind. 2001). Counsel is presumed competent, and a defendant must offer strong and convincing evidence to overcome the presumption that counsel prepared and executed an effective defense. *Id.* Where, as here, a petitioner for post-conviction relief pleaded guilty, the petitioner must establish both that counsel's performance was deficient and a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Id.*

As stated above, the State advised Fuquay that should he choose not to accept the plea agreement as offered in FD-258, the State, having probable cause to believe Fuquay delivered cocaine to a confidential informant, intended to file a Class B felony charge of dealing in cocaine against Fuquay. This information was first communicated in a May 13, 2008 letter from the Vanderburgh County prosecutor to Fuquay's then-attorney, next shared with Fuquay by his attorney, and then discussed in open court. *Appellant's App.* at 17. In his appeal, Fuquay appears to suggest that his attorney fabricated the letter, stating that his "appointed attorney created the letter with a designed purpose intended to instill a fear in

5

[Fuquay], to forgo going to trial." *Appellant's Br.* at 7; *see also Reply Br.* at 3 (public defender kept trying to drive home threat and plant seed of fear). He further argues that the State and the trial court "became involved" and "conspired against Fuquay" concerning potential charges that would be filed if he declined the plea offer.[3] Fuquay provides no support whatsoever for the allegations of fabrication and conspiracy. He has failed to show that his counsel's performance was deficient or that he would have insisted on going to trial without the letter. Accordingly, the post-conviction court did not err by finding that Fuquay received effective assistance of counsel.

In a related argument, Fuquay urges us to find that the letter expressing the State's intent to file a Class B felony charge if he chose not to plead guilty to the Class D possession charge was an empty threat for which the State had no probable cause, and which caused him to accept the plea; accordingly, he asserts, his guilty plea was not made voluntarily. As with his ineffective assistance of counsel claim, Fuquay has failed to provide any support for the assertion that the State induced his plea by making unsupported threats of another, more serious criminal charge. This claim, like his ineffectiveness claim, is without merit, and the post-conviction court did not err by denying Fuquay's petition.

Affirmed.

NAJAM, J., and MAY, J., concur.

---

[3] Fuquay also alleges that the Vanderburgh Circuit Court "*grossly* violated numerous rules of procedure that "subjects VCC to an open shame[.]" *Reply Br.* at 1 (emphasis in original). Unsupported allegations such as this have no persuasive value.