**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PATRICIA CARESS McMATH**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RAYMOND E. SCHAKEL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 24A01-1301-CR-42 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FRANKLIN CIRCUIT COURT
The Honorable J. Steven Cox, Judge
Cause No. 24C01-1207-FC-1046

**July 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Raymond E. Schakel appeals his conviction for class A felony child molesting following a guilty plea. The sole issue presented on appeal is whether the trial court abused its discretion when it denied Schakel's motion to withdraw his guilty plea. Finding an abuse of discretion, we reverse.

## Facts and Procedural History

On July 13, 2012, the State charged sixty-nine-year-old Schakel with class C felony child molesting. During the initial hearing, on July 18, 2012, Schakel appeared without an attorney and indicated that he wished to plead guilty to the offense. The State then moved to amend the charge from a class C felony to a class A felony, asserting that the facts alleged in the probable cause affidavit supported the heightened charge. The trial court granted the motion to amend and advised Schakel of his rights as well as the sentencing range for a class A felony. The record indicates that at various points during the hearing, Schakel seemed confused, had difficulty hearing, and did not seem to fully understand the nature of the proceedings. Nevertheless, Schakel maintained that he wished to plead guilty. The State subsequently read the following factual basis in open court:

> If the matter proceeded to trial, the State would prove beyond a reasonable doubt that on or about between January and April 2012 in Franklin County, State of Indiana, Raymond E. Schakel, a person at least twenty-one (21) years of age, did then and there unlawfully with a child under the age of fourteen (14) to wit: V.H. age eleven (11) at the time of the incident perform deviate sexual conduct.

2

Tr. at 11, 21.  The trial court asked Schakel, "Is that what happened?"  *Id.*   Schakel

responded, "Yes, sir."  *Id*. at 21.  Thereafter, Schakel pled guilty to class A felony child

molesting.  The trial court accepted the plea and set the matter for sentencing.

A sentencing hearing was held on December 19, 2012.  Schakel appeared with counsel

and orally moved to withdraw his guilty plea.  The trial court took the matter under

advisement and, on January 2, 2013, denied Schakel's motion to withdraw.  The trial court

sentenced Schakel to twenty-five years' imprisonment, with five years suspended to

probation.  This appeal ensued.

**Discussion and Decision**

After a defendant pleads guilty but before a sentence is imposed, a defendant may

move to withdraw a plea of guilty.  Ind. Code § 35-35-1-4(b).  The trial court must allow a

defendant to withdraw a guilty plea if "necessary to correct a manifest injustice."  *Id*.  By

contrast, the trial court must deny the motion if withdrawal of the plea would substantially

prejudice the State.  *Id*.  "In all other cases, the court may grant the defendant's motion to

withdraw a guilty plea 'for any fair and just reason.'"  *Brightman v. State*, 758 N.E.2d 41, 44

(Ind. 2001) (quoting Ind. Code § 35-35-1-4(b)). [1]

---

[1] Indiana Code Section 35-35-1-4(b) requires that a motion to withdraw the guilty plea "shall be in writing and verified" and must state facts in support of it.  It appears from the record that Schakel's motion to withdraw his plea was oral and that he did not submit any form of written motion to the trial court.  Generally, a defendant's failure to submit a verified, written motion to withdraw a guilty plea results in waiver of the issue of wrongful denial of the request.  *Peel v. State*, 951 N.E.2d 269, 272 (Ind. Ct. App. 2011).  However, the State did not raise a waiver claim before the trial court or on appeal, and we choose to address Schakel's motion on the merits.

The trial court's ruling on a motion to withdraw a guilty plea arrives in this court with a presumption in favor of the ruling, and we will reverse a trial court only for an abuse of discretion. *Jeffries v. State*, 966 N.E.2d 773, 777 (Ind. Ct. App. 2012), *trans. denied*. In determining whether a trial court abused its discretion in denying a motion to withdraw a guilty plea, "we examine the statements made by the defendant at the guilty plea hearing to decide whether the plea was offered 'freely and knowingly.'" *Id*. (quoting *Brightman*, 758 N.E.2d at 44).

Here, Schakel argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea because there was an insufficient factual basis for his plea. A court may not accept a guilty plea unless the court determines that a sufficient factual basis exists to support the plea. *Graham v. State*, 941 N.E.2d 1091, 1098 (Ind. Ct. App. 2011). A factual basis may be established by relatively minimal evidence about the elements of the crime from which the court could reasonably conclude that the defendant is guilty. *Id*. We presume that the trial court's finding of an adequate factual basis is correct. *Id*. Indeed, the standard for a sufficient factual basis to support a guilty plea is less rigorous than that required to support a conviction, as reasonably concluding that a defendant is guilty for purposes of a factual basis is not the same as concluding guilt beyond a reasonable doubt. *Id*.

"An adequate factual basis for the acceptance of a guilty plea may be established in several ways: (1) by the State's presentation of evidence on the elements of the charged offenses; (2) by the defendant's sworn testimony regarding the events underlying the charges; (3) by the defendant's admission of the truth of the allegations in the information read in

court; or (4) by the defendant's acknowledgement that he understands the nature of the offenses charged and that his plea is an admission of the charges." *Oliver v. State*, 843 N.E.2d 581, 588 (Ind. Ct. App. 2006), *trans. denied*.

Under the circumstances presented here, we cannot say that the State established a sufficient factual basis to support the trial court's acceptance of Schakel's guilty plea to the amended class A felony charge. Sixty-nine-year-old Schakel was not represented by an attorney when he appeared at the initial hearing to face a charge of class C felony child molesting. The hearing began with Schakel stating, "I read [the charge], and I'm guilty of it." Tr. at 5. Schakel stated numerous times that he simply wished to spare the victim from having to appear in court. However, when the trial court began advising Schakel of his rights, Schakel twice indicated that he did not understand that he had been charged with a crime or what was happening. *Id*. When asked whether he was pleading guilty to the charge freely and voluntarily, Schakel, who had no prior criminal history, responded, "Sir, I have no charges against me at all." *Id*. at 9.

The State then moved to amend the original charging information from class C felony child molesting to a class A felony child molesting, asserting that the probable cause affidavit

5

contained facts sufficient to support deviate sexual conduct.[2] Neither the probable cause affidavit nor the specific facts alleged in the affidavit were referenced at the hearing, and there is no indication in the record that Schakel had ever read or been provided a copy of the affidavit prior to the hearing. Although Schakel cursorily indicated that he understood the amended class A felony charge, there was no verbal exchange between the trial court and Schakel regarding the nature of the heightened charge or the specific factual allegations underlying the charge. When asked if he would like an attorney appointed for him, he responded, "I would like to have one, sir, so I could understand what's going on." *Id*. at 13. Schakel informed the court that he had bad hearing and it was difficult for him to understand what was being said. When the court questioned Schakel as to whether he understood that by pleading guilty he would be waiving his right to counsel, Schakel, apparently thinking that the trial court was referencing some sort of psychological treatment, responded, "Sir, I don't need counseling because I know I'm guilty." *Id*. at 17.

---

[2] Indiana Code Section 35-42-4-3(b) provides in relevant part that "[a] person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony." Subsection (a) of that same provision states that "A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if: (1) it is committed by a person at least twenty-one (21) years of age…." Ind. Code § 35-42-4-3(a). "Deviate sexual conduct" means "an act involving: (1) a sex organ of one (1) person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." Ind. Code § 35-41-1-9. The probable cause affidavit here alleged that, in addition to engaging in several acts of fondling with intent to arouse, Schakel penetrated V.H.'s vagina with his finger on at least one occasion. A finger is considered an object within the definition of deviate sexual conduct. *Hardwood v. State*, 555 N.E.2d 513, 515 (Ind. Ct. App. 1990).

Despite Schakel's evident confusion, the State makes much of the fact that the amended class A charging information was recited in open court and Schakel admitted the truth of the allegations. Generally, a defendant's admission of guilt after hearing a recitation of the charges against him can be a sufficient factual basis. *Oliver*, 843 N.E.2d at 588. However, under the totality of the circumstances presented, we cannot say that the mere reading of the contemporaneously amended class A felony charging information provided a sufficient factual basis to support Schakel's guilty plea to the heightened charge. We agree with Schakel that it appears from the record that he did not have any idea what deviate sexual conduct is, much less what he was specifically alleged to have done that constituted deviate sexual conduct, or what facts differentiated the original class C felony charge from the amended class A felony charge. As already noted, there is no indication that Schakel had ever read or been provided the probable cause affidavit prior to pleading guilty. Schakel's confusion regarding the proceedings in general coupled with the lack of specificity in the State's recitation of the facts underlying the amended charge leads us to conclude that the State failed to provide a sufficient factual basis to support the trial court's acceptance of Schakel's guilty plea to class A felony child molesting.

Under the circumstances, permitting withdrawal of Schakel's guilty plea is not only fair and just but is also necessary to correct a manifest injustice. Accordingly, we conclude that the trial court abused its discretion when it denied Schakel's motion to withdraw his guilty plea. We reverse Schakel's conviction and remand for further proceedings consistent with this opinion.

Reversed and remanded.

ROBB, C.J., and FRIEDLANDER, J., concur.