## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



**FILED**

Apr 25 2016, 5:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Kelly E. Culver
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kelly E. Culver,

*Appellant-Petitioner,*

*v.*

State of Indiana,

*Appellee-Respondent.*

April 25, 2016

Court of Appeals Case No.
84A01-1511-PC-1964

Appeal from the Vigo Superior
Court

The Honorable David R. Bolk,
Judge

Trial Court Cause No. 84D03-0104-
CF-903

**Bradford, Judge.**

# Case Summary

[1]     Appellant-Petitioner Kelly Culver was convicted in 1997 of Murder, a felony,

and sentenced to sixty-five years of incarceration. In 2000, the Indiana

Supreme Court affirmed Culver's conviction and sentence. In 2001, Culver filed a *pro se* petition for post-conviction relief ("PCR"). In 2005, the post-conviction court granted Culver's motion for indefinite extension of time. In 2014, Culver moved to amend his PCR petition and set the matter for an evidentiary hearing. The post-conviction court granted Culver's motion to amend his PCR petition but declined to set the matter for a hearing, ultimately directing that all evidence be submitted in affidavit or other form as contemplated by Rule 1, section 5 of the Indiana Rules of Procedure for Post-Conviction Remedies. Culver sent questionnaires to his trial and appellate counsels, but when neither responded Culver sought no help from the post-conviction court in securing the evidence. In November of 2015, the post-conviction court denied Culver's PCR petition in full. Culver contends that the post-conviction court abused its discretion in failing to hold an evidentiary hearing, the post-conviction court erred in finding that the defense of laches applied in this case, and he received ineffective assistance of appellate counsel. Because we conclude that the post-conviction court did not abuse its discretion in denying Culver's request for a hearing or in concluding that he failed to establish that he received ineffective assistance of appellate counsel, we affirm.

# Facts and Procedural History

[2] The background for this appeal was outlined by the Indiana Supreme Court in its disposition of Culver's direct appeal:

The facts most favorable to the verdict indicate that in the early morning hours of May 11, 1997, Defendant left a neighbor's house intoxicated and was followed home by his girlfriend, Lori McCullough. Defendant began arguing with McCullough. When these arguments escalated, McCullough called her brother, Brad Peters, to come pick up her and her children. Defendant threatened to fight Peters and then rummaged through a kitchen drawer where he had previously stored an ice pick.

As they left the apartment arguing, other residents had gathered in the hallway, including Charles Horton who was standing in his doorway. According to one witness, Horton was preparing for work which began at 5:00 a.m. By 4:20 a.m., Peters had managed to pick up his sister and her children without further incident.

Shortly after 5:00 a.m., while driving on Sanford Road just east of State Road 63, Mark Barrett observed Horton's car parked in the middle of the road. Concerned that he would be unable to bypass the car without hitting it, Barrett slowed down briefly and then stopped his car. He observed Defendant bent over along the side of the road as if he were searching for an item. Defendant approached Barrett's vehicle, then turned and walked away. At this time, Defendant was wearing a black jacket. Later that morning, Chris Newhart saw Defendant trying to hitchhike a few hundred feet north of Sanford Road. Now Defendant was not wearing a shirt or jacket despite the cold weather.

Around 6:00 a.m., at the intersection of State Road 63 and Sanford Road, Defendant approached Stephen Gariepy's truck as Gariepy stopped at a stop sign. Defendant solicited Gariepy's help, telling him that he and a friend had been attacked, that he believed his attackers killed his friend, and that he needed a ride into Terre Haute to notify police. Because Defendant was shirtless, Gariepy gave him a plaid shirt to wear. At approximately 6:15 a.m., Defendant exited Gariepy's truck at a railroad crossing in Terre Haute within the proximity of

McCullough's residence. Defendant and Gariepy parted without ever having notified the police of the alleged attack.

At 6:50 a.m., while asleep at her residence, McCullough was awakened by a "nervous and scared" Defendant. Defendant, who had been wearing black sweatpants and a black Adidas jacket that morning, was now wearing black sweatpants and a plaid shirt. He had mud all over his sweatpants and red stains on his thermal boxer shorts. As Defendant requested, McCullough gave him a shirt to wear. As he changed clothes, she saw him remove a bundle of money from his sweatpants. Before leaving, Defendant told McCullough that he had done something wrong, that he was in trouble, and to tell people that he never owned a black Adidas jacket.

At 9:30 a.m., Vigo County Police Officer Steve Barnhart discovered Horton's abandoned car on Sanford Road just east of State Road 63. Officer Barnhart observed blood in the car and on the road outside of the car. Looking in the nearby wooded area, Officer Barnhart found Horton's body. Horton had been stabbed twenty-eight times with an ice-pick. Horton received a final stab wound through his right eye that entered his brain. Officer Barnhart discovered the body with the ice-pick still in Horton's eye.

Three days after discovering Horton's body, police found Defendant's Adidas jacket near the intersection of Sanford Road and State Road 63. After obtaining a search warrant for Defendant's apartment, officials uncovered a pair of black sweatpants and thermal boxer shorts in the kitchen trash container.

The State charged Defendant with Murder. The jury found Defendant guilty as charged. The trial court sentenced Defendant to 65 years of incarceration.

*Culver v. State*, 727 N.E.2d 1062, 1064-65 (Ind. 2000) (footnotes omitted).

[3] The Indiana Supreme Court affirmed Culver's conviction and sentence on direct appeal. *Id.* at 1072. On March 30, 2001, Culver filed a *pro se* PCR petition. On April 9, 2001, the State responded, denying Culver's allegations and asserting waiver, *res judicata*, and laches. On April 19, 2001, the Public Defender of Indiana appeared on behalf of Culver, withdrawing on September 6, 2005. On September 19, 2005, the post-conviction court granted Culver's motion for an indefinite extension of time.

[4] On July 28, 2014, Culver moved to amend his PCR petition and to set the matter for an evidentiary hearing. The post-conviction court granted Culver's motion to amend but declined to set the matter for a hearing. On February 20, 2015, the post-conviction court issued a scheduling order which gave Culver thirty days in which to file and exchange with the State any evidence he wished the post-conviction court to consider, directing that evidence be submitted in affidavit or other form contemplated by Post-Conviction Rule 1, section 5. On March 17, 2015, Culver moved for a continuance so that his trial and appellate counsels could respond to written questionnaires. On May 7, 2015, Culver moved to have the post-conviction court take judicial notice of its own record and Culver's affidavit in support of his PCR petition. Apparently, neither Culver's trial nor appellate counsels responded to his questionnaires.

[5] On November 2, 2015, the post-conviction court denied Culver's PCR petition, concluding, *inter alia*, that Culver had failed to establish that he received ineffective assistance of appellate counsel. The post-conviction court concluded that because neither trial nor appellate counsel provided testimony in the

matter, the record contained no credible evidence from which to conclude that either's performance was deficient. Culver argues that the post-conviction court abused its discretion in concluding that he failed to establish ineffective assistance of appellate counsel, in concluding that laches applied to bar his claims, and in denying his request for an evidentiary hearing.

# Discussion and Decision

### *Standard of Review*

[6] Our standard for reviewing the denial of a PCR petition is well-settled:

> In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting its judgment. The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. To prevail on appeal from denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court…. Only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, will its findings or conclusions be disturbed as being contrary to law.

*Hall v. State*, 849 N.E.2d 466, 468, 469 (Ind. 2006) (internal citations and quotations omitted).

# I. Denial of Evidentiary Hearing

[7] Pursuant to Post-Conviction Rule 1(9)(b), "[i]n the event petitioner elects to proceed pro se, the court at its discretion may order the cause submitted upon affidavit." Culver's argument is essentially that the post-conviction court's

denial of his request for an evidentiary hearing denied him the opportunity to elicit testimony from his trial and appellate counsel. We cannot agree with the premise that it was the post-conviction court's denial of Culver's request for a hearing that prevented Culver from presenting his evidence. As previously mentioned, neither Culver's trial nor appellate counsel responded to Culver's questionnaires. Culver, however, sought no help from the post-conviction court in enforcing his efforts to secure the evidence he sought. Although "[a]ll rules and statutes applicable in civil proceedings including pre-trial and discovery are available to the parties," P.C. Rule 1(5), Culver availed himself of none of them. It is well-settled that "[p]ro se litigants without legal training are held to the same standard as trained counsel and are required to follow procedural rules." *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. "This has consistently been the standard applied to pro se litigants, and the courts of this State have never held that a trial court is required to guide pro se litigants through the judicial system." *Id*. The post-conviction court's denial of Culver's request for an evidentiary hearing did not prevent Culver from obtaining evidence from his trial and appellate counsel.[1] Culver has failed to establish an abuse of discretion in this regard.

---

[1] Culver also seems to argue that the post-conviction court improperly disposed of his claims of ineffective assistance of counsel summarily. While it is true that summary disposition of ineffective assistance of counsel claims is improper when the facts pled raise an issue of possible merit, *see, e.g.*, *Clayton v. State*, 673 N.E.2d 783, 786 (Ind. Ct. App. 1996), the post-conviction court did not summarily dispose of Culver's claim. The post-conviction court denied Culver's PCR petition after receiving evidence. To the extent that Culver relies on authority related to summary disposition, that authority is inapposite.

# II. Ineffective Assistance of Appellate Counsel

[8] We review claims of ineffective assistance of counsel based upon the principles enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984):

> Under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a claim of ineffective assistance of counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant so much that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 687, 694, 104 S. Ct. 2052; *Lowery v. State*, 640 N.E.2d 1031, 1041 (Ind. 1994). …. Failure to satisfy either prong will cause the claim to fail. *Vermillion v. State*, 719 N.E.2d 1201, 1208 (Ind. 1999).

*French v. State*, 778 N.E.2d 816, 824 (Ind. 2002).

[9] Moreover, counsel is given wide discretion in determining strategy and tactics, and therefore courts will accord these decisions deference. *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001). "A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. "Whether a lawyer performed reasonably under the circumstances is determined by examining the whole of the lawyer's work on a case." *Oliver v. State*, 843 N.E.2d 581, 591 (Ind. Ct. App. 2006), *trans. denied*.

[10] We review claims of ineffective assistance of appellate counsel using the same standard applicable to claims of trial counsel ineffectiveness. *Ben-Yisrayl v.*

*State*, 729 N.E.2d 102, 106 (Ind. 2000). The petitioner must show that appellate counsel was deficient in his performance and that the deficiency resulted in prejudice. *Id*. Ineffective assistance claims at the appellate level of proceedings generally fall into three basic categories: (1) denial of access to an appeal; (2) waiver of issues; and (3) failure to present issues well. *Bieghler v. State*, 690 N.E.2d 188, 193-95 (Ind. 1997).

[11] Culver's claims of ineffective assistance of appellate counsel fall into the second or third categories: appellate counsel failed to (1) challenge statements by trial counsel made during voir dire that Culver characterizes as conceding his guilt, (2) challenge trial counsel's alleged concession of his guilt by refusing voluntary manslaughter instructions, (3) properly investigate his mental health background, (4) secure an expert witness to testify regarding a voluntary intoxication defense, and (5) seek rehearing to argue that the Indiana Supreme Court applied the incorrect standard to evaluate Culver's claim of ineffective assistance of trial counsel.

[12] The post-conviction court concluded that Culver had failed to establish deficient performance by his appellate counsel because Culver did not present any evidence from his trial or appellate counsel. We conclude that this failure to present any testimony from Culver's trial or appellate counsel is dispositive. In the end, we will not speculate on why the strategies or reasons raised by Culver were not advance by his counsel. *See Villalon v. State*, 956 N.E.2d 697, 706 (Ind. Ct. App. 2011) ("At the hearing upon the motion to correct error, trial counsel was not called to testify. As such, no record has been developed as to

trial counsel's strategy or reasons underlying his decision not to offer an alibi defense. We decline to speculate."); *see also Whitener v. State*, 696 N.E.2d 40, 42 (Ind. 1998) ("We will not lightly speculate as to what may or may not have been an advantageous trial strategy as counsel should be given deference in choosing a trial strategy which, at the time and under the circumstances, seems best.").

[13] Suffice it to say that none of Culver's specific claims of deficient performance, even if true, establish that he suffered any prejudice. As the Indiana Supreme Court correctly determined, evidence of Culver's guilt was overwhelming, including testimony (1) from multiple witnesses placing Culver at the scene, (2) that he told his girlfriend that he had done something bad and to forget that he owned a black Adidas jacket, (3) that red stains on Culver's clothing matched the victim's blood to an extremely high degree of certainty, (4) that the ice pick removed from the victim's right eye belonged to Culver, and (5) that Culver had told two witnesses that he would use an ice pick if he were to get into another fight and would stab his opponent in the eye with it. *See Culver*, 727 N.E.2d at 1069. Because Culver failed to establish either deficient performance or prejudice, the post-conviction court did not abuse its discretion in denying Culver's claim of ineffective assistance of appellate counsel.[2]

---

[2] Because we conclude that Culver's claims are without merit, we need not address the post-conviction court's finding of laches.

[14]    The judgment of the post-conviction court is affirmed.

Bailey, J., and Altice, J., concur.