THEODORA W. DARDZINSKI *vs.* ASPATIA ANGELUS.

Norfolk. May 10, 1937. — May 24, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Minor. Release. Actionable Tort. Practice, Criminal,* Discharge upon
satisfaction of injured party.

Apart from special statute, a release given by a minor of a claim for an
assault upon him could be disavowed by him at any time during
minority.

A discharge under G. L. (Ter. Ed.) c. 276, §§ 55, 56, in a criminal pro-
ceeding for assault was not a defence to a civil action for the assault
where the defendant, in the criminal proceeding, had not been com-
mitted to jail nor put under recognizance.

TORT. Writ in the District Court of East Norfolk dated
July 16, 1935.

The action was heard by *McLeod*, J., who found for the
plaintiff in the sum of $50. A report to the Appellate Di-
vision for the Southern District was ordered dismissed. The
defendant appealed.

*M. Caro*, (*A. A. Giddon* with him,) for the defendant.

No argument nor brief for the plaintiff.

RUGG, C.J. This is an action of tort brought by the
plaintiff by her father as next friend to recover compensa-
tion for an assault alleged to have been committed on her
by the defendant. There was evidence tending to show
that the defendant committed the assault upon the plain-
tiff. The defendant offered in evidence a sealed instrument
signed by the plaintiff releasing the defendant from all
claims and demands, and also the record of a case on the
criminal side of a district court wherein it appeared that
the plaintiff had caused a complaint for assault upon her
to be made against the defendant, that the defendant had
pleaded not guilty, that there was a full and complete trial,
and that, after the defendant testified, an acknowledgment
of satisfaction was obtained from the complainant and filed
in court. The court record in that criminal case was as

follows: "Charge, Assault and Battery Plea, Not Guilty Restitution, Satisfactory to the Probation Officer Dismissed, With the consent of the defendant." The plaintiff testified that she disavowed her release. The court found that the plaintiff when she signed the release was a minor; that she did not intend to release all her rights; that later she disavowed the release; that there was no justification for an assault on her; and that there was no fraud in procuring the release. The trial judge found for the plaintiff in the sum of $50.

It is plain that, apart from special statute, the plaintiff was not bound by her release and had a right to disavow it at any time during her minority. This was decided more than a century and a quarter ago. In *Baker* v. *Lovett*, 6 Mass. 78, 80, it was held that "an injury done to an infant, by assaulting and beating him, vests in him a right of action, to recover adequate damages. He is not, however, supposed to have capacity to ascertain the damages, and, therefore, if he release them, he may avoid the release." That decision is in conformity to general principles of law protecting infants against the dangers arising from their immaturity and want of discretion. *J. G. Pierce Co.* v. *Wallace*, 251 Mass. 383. *Tracy* v. *Brown*, 265 Mass. 163. *Worthy* v. *Jonesville Oil Mill*, 77 S. C. 69. The case at bar is distinguishable from *Breed* v. *Judd*, 1 Gray, 455.

The defendant contends that G. L. (Ter. Ed.) c. 276, §§ 55, 56, constitute a bar to the plaintiff's action. Those two sections are printed in a footnote.* With reference to

---

* SECTION 55. If a person committed to jail is under indictment or complaint for, or is under recognizance to answer to, a charge of assault and battery or other misdemeanor for which he is liable in a civil action, unless the offence was committed by or upon a sheriff or other officer of justice, or riotously, or with intent to commit a felony, and the person injured appears before the court or justice who made the commitment or took the recognizance, or before which the indictment or complaint is pending, and acknowledges in writing that he has received satisfaction for the injury, the court or justice may in its or his discretion, upon payment of such expenses as it or he shall order, discharge the recognizance or supersede the commitment, or discharge the defendant from the indictment or complaint, and may also discharge all recognizances and supersede the commitment of all witnesses in the case.

SECTION 56. Such order discharging the recognizance, indictment or complaint of the person or the recognizance of witnesses shall be filed in the office of the clerk before the sitting of the court at which they are bound to appear; and such order superseding the commitment of the person charged or of a

those two sections in earlier statutes, differing in no essential from the present enactment, it was said in *Stevens* v. *Hathorne*, 12 Allen, 402, 403: ". . . the court are of opinion that they apply only to cases where the magistrate commits a party to prison or takes his recognizance for his appearance before a higher court. This is evident from the fact that it is provided that his order discharging the recognizance shall be filed in the office of the clerk before the sitting of the court at which the party is bound to appear. It is further evident from the fact that there was no necessity to make any provision authorizing a magistrate to discharge a party from such a prosecution in a case where he has final jurisdiction. The case not being within the statute, the plaintiff's acknowledgment of satisfaction stands as it would at common law." This decision appears to be applicable to the case at bar. There is nothing in this record to show that the defendant had been "committed to jail" or was under "recognizance" for his appearance before a higher court. It follows that in any event said § 56 does not operate as a bar to the present action. See also *Partridge* v. *Hood*, 120 Mass. 403.

All questions argued by the defendant are treated as open to her. No error is disclosed on the record.

*Order dismissing report affirmed.*

---

witness shall be delivered to the keeper of the jail where he is confined, who shall forthwith discharge him; and such order, so filed and delivered, shall forever bar a civil action for such injury.