Riley, P. J.
This case was submitted to the trial judge upon what is styled an agreed statement of facts. It is an action of contract in which the plaintiff seeks to recover for goods sold by it to the defendant. The defendant’s answer was a general denial and a special answer setting up the fact that the defendant was a minor at the time the *144 contract or contracts were made with the plaintiff and that he desires to avoid his voidable contract or contracts made with the plaintiff during said minority. The defendant admits having received merchandise from the plaintiff in the sum stated in its declaration but denies that he is liable therefor because of his disaffirmance of the contract or contracts during his infancy; he admits being a veteran of World War II and applying and securing a loan from the Greylock National Bank of Adams, Massachusetts, under the provisions of the Servicemen’s Readjustment Act of 1944, as amended, and that said loan was guaranteed by the Veterans Administration of the Federal Government under the provisions of said act. He further admits that the funds secured from the aforesaid loan were utilized in establishing and operating a grocery business in North Adams, Massachusetts. The plaintiff admits selling groceries to the defendant during his minority although at the time he sold the goods he had no knowledge that the defendant was a minor and also admits that the merchandise purchased from it was purchased-in the course of the • defendant’s grocery business. The Judge upon the agreed facts found for the defendant. He denied the following requests for rulings of law duly filed by the plaintiff:
1. Upon the law and all the evidence, the Court should find for the plaintiff, based upon the following specified grounds: (a) Defendant admits owing the plaintiff $136.85. (b) Defendant was a minor veteran of World War II at the time of entering into said contract or contracts with the plaintiff and entitled to the benefits provided by the federal law known as the Servicemen’s Readjustment Act of 1944, and also called the G. I. Bill of Rights, and any amendment thereof or addition thereto, (c) Defendant participated in the benefits of said Act by applying for and securing a business loan from the Greylock National Bank of Adams, Massachusetts, for the purpose of conducting a grocery store at the *145 córner of Cliff Street and Glen Avenue, North Adams, Massachusetts, (d) Defendant gave said bank a promissory note secured by a chattel mortgage on the stock and fixtures of the grocery store in the sum of $2,000.00, which mortgage was executed by the defendant August 5,1947 and recorded on August 18, 1947 with the records of Chattel Mortgages in the City Clerk’s Office, North Adams, Massachusetts, in Book 22, Page 510. (e) Defendant’s loan from said bank was guaranteed by the Veterans Administration under the provisions of the Servicemen’s Readjustment Act of 1944 as witnessed by a Guarantee Certificate held by said bank, (f) The purchase of merchandise for said grocery store of the defendant is contemplated by the provisions of Chapter 259 of the Acts of 1947.
4. The contract or contracts made by the minor veteran defendant with the plaintiff is not or are not voidable under the provisions of Chapter 259 of the Acts of 1947.
5. Chapter 259 of the Acts of 1947 was intended by the Legislature as an exception to the general rule of avoidance by minors of their express contracts when said minors are veterans of World War II and participate in the benefits of the G. I. Bill of Rights.
6. Chapter 259 of the Acts of 1947 enlarges the obligations of minor veterans who participate in the benefits provided by the G. I. Bill of Rights, by clothing said minor veterans with full legal capacity to act in their own behalf in the matter of contracts, conveyances, mortgages and other transactions.
7. Chapter 259 of the Acts of 1947 deems a minor veteran competent to act in the matter of contracts, conveyances, mortgages and other transactions when made by said minor veteran for the purpose of enjoying the benefits provided by the G. I. Bill of Rights.
8. The privilege of disaffirmance of a contract or contracts made by a minor in a business venture does not inure to a minor veteran who has participated in the benefits provided by the G. I. Bill of Rights, under the provisions of Chapter 259 of the Acts of 1947.
*146 9. Chapter 259 of the Acts of 1947 deprives a minor veteran of the privilege of disaffirmance of his contracts when he accepts the benefits provided by the G. I. Bill of Bights.
10. By accepting the benefits provided by the G. I. Bill of Bights, the minor veteran defendant waived the privilege of disaffirming his express contract or contracts made with the plaintiff.
11. The defendant, a minor veteran, by participating in the benefits provided by the G. I. Bill of Bights, became subject to the obligations of persons of full age.
12. Chapter 259 of the Acts of 1947 is an exception to the General Buie of Avoidance by minors of their express contracts.
At the request of the defendant he made by following ruling: “On all the pleadings and all the evidence, the Plaintiff cannot recover, for the following reasons: (a) The contract or contracts, express or implied, having been made with a minor, the Defendant, who is still such minor, have been disaffirmed by the Defendant, (b) The contract or contracts, express or implied, having been made with a minor, the Defendant, who is still such minor, are unenforceable, (c) The contract or contracts, express or implied, having been made with a minor, the Defendant, who is still such minor, does not involve necessaries for which said minor would be liable, (d) The provisions of Chapter 259 of the Acts of 1947, have no application whatsoever to this case.”
The decision of the case depends upon the construction to be given Chapter 259 of the Acts of 1947 which reads as follows:
SECTION 1.
“Besidents of this commonwealth who are veterans of World War II and are entitled to the benefits provided by the federal law known as the Servicemen’s Be- *147 adjustment Act of 1944, and also called the G. I. Bill of Bights, and any amendment thereof or addition thereto, may participate in said benefits notwithstanding that they, or their spouses, are under twenty-one years of age, and for said purpose such minor veterans or spouses shall have full legal capacity to act in their own behalf in the matter of contracts, conveyances, mortgages and other transactions, and with respect to such acts done by them they shall have all of the rights, powers and privileges and be subject to the obligations of persons of full age. SECTION 2. Such acts of minors as are referred to in section one of this act, if done prior to its effective date, shall have the same force and effect as if this act had been in effect at the time of such acts.”
This act is entitled: “An Act Enabling War Veterans Who Are Minors, or Whose Spouses Are Minors, to Participate in the Benefits Provided by the Federal Law Known as the Servicemen’s Beadjustment Act of 1944 or the G. I. Bill of Bights, as Amended.”
It has been said that the title of an act in a legal sense is a part of the act and resort may be had to it as an aid in the interpretation of the act. Commissioner of Corporations and Taxation v. Chilton Club, 318 Mass. 285 at 292, and cases there cited. There is nothing in the title of the act that indicates the veteran can participate in any benefit except as provided in the Servicemen’s Beadjustment Act. By the provisions of § 1 of c. 259 it is only for a definite purpose that minor veterans or spouses have legal capacity to act in their own behalf in the matter of contracts, conveyances, mortgages and other transactions and it is only with respect to such acts that they are subject to the obligations of persons of full age. . That purpose is to participate in the benefits of the federal law known as the Servicemen’s Beadjustment Act of 1944. The provisions of that act which are pertinent to the present case read as follows:
*148 PURCHASE OF BUSINESS PROPERTY
“Section 503. Any application made under this title for the guaranty of a loan to be used in purchasing any business, land, buildings, supplies, equipment, machinery, or tools, to be used by the applicant in pursuing a gainful occupation (other than farming) may be approved by the Administrator of Veterans’ Affairs if he finds ... (4) that the purchase price paid or to be paid by the veteran for such property does not exceed the reasonable normal value thereof as determined by proper appraisal.”
In view of the fact that an appraisal of the property must be made it would seem that the loan would only be guaranteed for the original purchase of supplies, equipment and other essentials. From the statement in the agreed facts that the defendant purchased merchandise from the plaintiff in the course of the defendant’s grocery business, it is evident that the goods for which recovery is sought in this action were not a part of the original purchase of merchandise when the defendant established his business. We do not intimate that even if this were so the plaintiff could recover for goods furnished to the defendant in setting up his business but it seems certain that the Readjustment Act did not contemplate loans for business purposes to secure a continuing purchase of goods in the regular course of the business after it had once been established. In view of the strictness of the laws of this Commonwealth in respect to the contracts of minors as expressed in the cases of Ryan v. Smith, 165 Mass. 303; Knudson v. General Motorcycle Sales Company, Inc., 230 Mass. 54; Carpenter v. Grow, 247 Mass. 133; J. G. Pierce Company v. Wallace, 251 Mass. 383; Dardzinski v. Angelus, 297 Mass. 288, we do not think that a minor’s liability on his contracts ought to be extended except by clear legislative intention. In our opinion Chapter 259 of the Acts of 1947 does not extend the *149 rights and liabilities of minors beyond the narrow confines of the direct benefits provided by the Servicemen’s Readjustment Act of 1944. The direct benefit in this case was the loan which the defendant secured that was guaranteed by the federal authority and as to such loan he had legal capacity to make the necessary contracts, conveyances, mortgages and other transactions and was legally bound by them. The claim of the plaintiff at bar does not arise out of such a direct benefit.
We think that the trial judge was right in ruling that the plaintiff could not recover and the report accordingly is to be dismissed.