**Albert J. PAULEY, Jr., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 12S00–9508–CR–935.

Supreme Court of Indiana.

July 30, 1996.

Richard L. Langston, Frankfort, for Appellant.

Pamela Carter, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

A jury found appellant Albert J. Pauley, Jr. guilty of murder, Ind.Code Ann. § 35–42–1–1 (West Supp.1996). The trial court sentenced him to sixty years in prison. Pauley challenges his sentence on appeal. We affirm.

The evidence at trial tended to show that Pauley, Steve Phillips, and Juanita Bristow were at the home of Robert Patchett in Frankfort, Indiana. Pauley and Phillips believed that Phillip "Ryan" Paul was a confidential informant and decided to hurt him. When Paul arrived late in the evening, Pauley immediately approached him and shoved him to the floor. Phillips struck the victim with a lead pipe filled with rocks and Patchett punched him. Appellant stabbed Paul several times with a knife. The perpetrators stuffed Paul's body into a trash bag, drove to a nearby creek and dumped the body.

■ Both Pauley and Phillips received sixty years for their roles in the crime. Patchett pled guilty and received thirty years. Pauley contends that he was penalized for invoking his right to trial by jury.

We considered a similar claim in *Hill v. State*, 499 N.E.2d 1103 (Ind.1986). We noted that "while leniency in sentencing is constitutionally permissible as an incentive for an otherwise proper plea of guilty, a more severe sentence may not be imposed upon a Defendant because he foregoes the opportunity to plead guilty and exercise his right to trial by jury." *Id.* at 1103.

We ultimately denied Hill's claim for relief, noting circumstances rather similar to those in Pauley's case. In *Hill*, the trial judge who sentenced the defendant was not involved in the negotiations that led to the other perpetrator's plea agreement, and the judge did not sentence the other offender. The same is true in the instant case. Moreover, there was nothing in the record in *Hill* to indicate that the trial judge in any way penalized Hill for going to trial. Pauley likewise does not point to anything in the record which would support his claim that the trial judge intended to penalize him for invoking his right to trial by jury.

We conclude that Pauley has not demonstrated that the trial judge enhanced his sentence because Pauley elected to go to trial.

■ Pauley also claims that the trial court's findings are inadequate to support enhancing the sentence to sixty years. The trial court noted that there was evidence that Pauley and the others beat the victim for two hours and that afterwards Pauley, covered with blood, laughed about the killing, saying, "I took him down." R. at 978. The judge noted Juanita Bristow's observation that the victim finally stopped moving when Pauley stabbed him in the ear with a screwdriver. Pauley later told others that the screwdriver in the ear was "where . . . I killed the guy." R. at 979. The judge found that it was Pauley who waited for the victim's arrival, initiated the attack, and finished the victim off. The court also found Pauley's prior criminal history was an aggravating circumstance. It consisted of a long string of misdemeanors (drunk driving, resisting law enforcement, and possession of marijuana, for example) and a felony conviction for dealing drugs. The court did not find any mitigating circumstances. Pauley does not claim on appeal that there were any.

We conclude that the trial court's findings demonstrate an assessment of the offense

and the offender adequate to support the sentence.

We affirm the judgment of the trial court.

DeBRULER, DICKSON, SULLIVAN and SELBY, JJ., concur.