**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 25 2014, 10:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**WILLIAM D. POLANSKY**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JAMES R. WILLEY,                     )
                                     )
    Appellant-Petitioner,            )
                                     )
        vs.                     )     No. 06A05-1306-PC-268
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Respondent.             )

APPEAL FROM THE BOONE SUPERIOR COURT
The Honorable Matthew C. Kincaid, Judge
The Honorable Gary Miller, Senior Judge
Cause No. 06D01-0903-PC-98

**February 25, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

In this post-conviction appeal, James R. Willey raises a number of claims regarding the effectiveness of his trial and appellate counsel. We reject all of Willey's contentions but one—his claim that his convictions for conspiracy to commit burglary and felony murder violate Indiana's constitutional prohibition against double jeopardy, and trial and appellate counsel were ineffective for failing to raise this argument. In light of our Supreme Court's holding in *Grinstead v. State*, 845 N.E.2d 1027 (Ind. 2006), we must agree, and therefore vacate his fifty-year sentence for conspiracy to commit burglary. We affirm in part and reverse in part.

**Facts and Procedural History**

In 1997, Janice Willey was strangled and bludgeoned to death in her detached garage. After an investigation, her ex-husband, James Willey, was charged with five counts related to her murder: (I) conspiracy to commit aggravated battery; (II) conspiracy to commit burglary; (III) involuntary manslaughter; (IV) felony murder; and (V) burglary. At trial, the State alleged that Willey had arranged for a friend, Roger Barnard, to kill Janice while Willey was in Florida. Barnard was not charged for his role in the crime because he committed suicide shortly after Janice's death. In June 1997, a jury found Willey guilty of all charges.

The trial court sentenced Willey on Counts II and IV only, merging the other counts. Willey received a fifty-year term for Count II, conspiracy to commit burglary, and a sixty-five-year term for Count IV, felony murder, to be served consecutively. On

2

direct appeal, our Supreme Court affirmed Willey's convictions and sentences. *See Willey v. State*, 712 N.E.2d 434 (Ind. 1999).

In March 2000, Willey filed his first petition for post-conviction relief, and the trial court granted a stay one month later. Willey withdrew that petition in 2003. In early 2003, proceeding pro se, Willey filed a second petition for post-conviction relief. Five years of inactivity followed until August 2008, when the trial court held a hearing on discovery requests filed by Willey. In March 2009, Willey refiled his petition and a public defender was assigned to his case. A second stay was granted. In 2012, Willey filed an amended petition in Boone Superior Court.

In his petition, Willey claimed he received ineffective assistance of trial and appellate counsel. In relevant part, Willey claimed counsel were ineffective for: (1) failing to raise a double-jeopardy claim based on Indiana law; (2) failing to challenge the burglary-related charges based upon evidence that he and Barnard had consent to enter the garage; and (3) failing to object to the burglary jury instruction. *See* Appellant's App. p. 63-69. The State responded and raised laches as an affirmative defense. *Id.* at 74-75.

The post-conviction court held a hearing on Willey's petition in November 2012. Willey offered a number of exhibits, including the record from his direct appeal and depositions of trial and appellate counsel. Willey also called two witnesses, Charles Boyle and Mike Juillerad, who testified that Janice had given Willey control over the garage. *See* Tr. p. 27 (Boyle testifying that Willey controlled the garage after he moved out of the marital home), 36 (Juillerad testifying that Willey controlled the garage in 1995, two years before Janice's death).

3

The State also called the Zionsville Chief of Police, Rob Knox. Chief Knox was a detective in 1997, and he had been assigned to investigate Janice's murder. *Id.* at 88-89. Chief Knox testified that a number of people involved in Willey's trial would be unavailable if Willey was retried. Former Sherriff Ernie Hudson, who took pretrial statements from Willey and testified about those statements at trial, was ill and living in another state. *Id.* at 90. And Phyllis Phenis, Janice's best friend, who had testified that Willey had threatened Janice, was deceased. *Id.* at 94. Chief Knox said that he believed it would be very difficult to prosecute Willey again. *Id.* at 97-98.

The post-conviction court denied Willey's request for relief. The court concluded that the State had met its burden in pleading laches, explaining that Willey had knowledge of post-conviction procedures and access to legal-research materials as early as 2000, but he did not proceed on his petition until 2012. *See* Appellant's App. p. 305-06. The court also found that the State was prejudiced by Willey's delay because the unavailability of two witnesses, Hudson and Phenis, materially diminished the State's ability to retry Willey. *Id.* at 306-07. The court also noted Chief Knox's opinion that it would be very difficult to retry Willey. Despite finding that laches barred Willey's claims, the court went on to address and reject each of Willey's ineffective-assistance arguments. Willey filed a motion to correct errors, which was denied.

Willey now appeals the denial of his request for post-conviction relief.

**Discussion and Decision**

On appeal, Willey argues that laches does not bar his post-conviction claims and trial and appellate counsel were ineffective in three ways.

4

The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* The post-conviction court in this case entered findings of fact and conclusions in accordance with Indiana Post-Conviction Rule 1(6). "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* (internal quotation omitted). The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.* We accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. *Id.*

## I. Laches

The post-conviction court concluded that laches barred Willey's ineffective-assistance claims, and Willey argues that this determination was error. We agree.

Laches is an equitable doctrine that "operates to bar consideration of the merits of a claim or right of one who has neglected for an unreasonable time, under circumstances permitting due diligence, to do what in law should have been done." *Armstrong v. State*, 747 N.E.2d 1119, 1120 (Ind. 2001). "For laches to apply, the State must prove by a preponderance of the evidence that the petitioner unreasonably delayed in seeking relief and that the State is prejudiced by the delay." *Id.* Prejudice exists when the petitioner's

5

unreasonable delay materially diminishes the reasonable likelihood of successful retrial. *Id.*

Because the State must prove laches as an affirmative defense, *see id.*, on this issue Willey is not appealing from a negative judgment—we will affirm unless the post-conviction court's judgment was clearly erroneous. *See* Ind. Trial Rule 52(A); *Armstrong*, 747 N.E.2d at 1120 (citation omitted). This is a review of the sufficiency of the evidence: we do not reweigh evidence or assess the credibility of witnesses, but look only to the evidence and reasonable inferences favorable to the judgment. *Armstrong*, 747 N.E.2d at 1120. We will affirm if there is probative evidence to support the post-conviction court's judgment. *Id.* (citation omitted).

The record shows that Willey filed four petitions for post-conviction relief between March 2000 and March 2012. The following timeline shows that the only significant period of inactivity occurred between July 2003 and August 2008:

| | |
|---|---|
| March 2000: | Willey files first petition for post-conviction relief |
| April 2000: | Willey, by counsel, requests a stay |
| April 2000: | Trial court grants stay |
| May 2003: | First petition withdrawn without prejudice |
| July 2003: | Willey files second petition for post-conviction relief |
| August 2008: | Trial court holds hearing on discovery requests filed by Willey, discovery requests denied |
| March 2009: | Willey files third petition for post-conviction relief |
| May 2009: | Counsel enters appearance for Willey |
| June 2009: | Willey, by counsel, requests a stay |
| June 2009: | Trial court grants stay |
| March 2012: | Counsel files amended petition for post-conviction relief |

On appeal, the State acknowledges this, focusing its challenge on Willey's inactivity during that five-year period.[1] *See* Appellee's Br. p. 12.

Case law does suggest that Willey's delay may be unreasonable. *See Lacy v. State*, 491 N.E.2d 520, 521 (Ind. 1986) (six-year delay in pursuing post-conviction relief was unreasonable); *see also Mahone v. State*, 742 N.E.2d 982, 986 (Ind. Ct. App. 2001) ("[W]e cannot characterize [the defendant's] five year and seven month delay as anything other than unreasonable."), *trans. denied*. But laches does not turn on time alone; Willey's delay must have prejudiced the State.

The post-conviction court found prejudice based on the unavailability of two witnesses—Ernie Hudson and Phyllis Phenis. *See* Appellant's App. p. 306-07. We cannot agree that Hudson's and Phenis's unavailability prejudices the State. First, Zionsville Police Chief Rob Knox testified that Ernie Hudson was ill and living in another state, but there was no showing that he was unavailable for a second prosecution. Even if Hudson was truly unavailable, the State did not prove his testimony was necessary: Hudson was one of a number of law-enforcement officers who traveled to Florida to take pre-trial statements from Willey. *See* Tr. p. 105. Presumably (and the State did not show otherwise) the evidence Hudson would offer could be presented via another officer. Phyllis Phenis, who is deceased, testified that Willey had threatened Janice. On direct appeal, our Supreme Court ruled that her testimony was inadmissible hearsay. *See Willey*, 712 N.E.2d at 443-44. Although the post-conviction court

---

[1] During this period of time, the State took no action to dismiss for lack of prosecution, and at the August 2008 hearing on Willey's pro se discovery motions, the State said nothing about accelerating the case.

suggested that Phenis's testimony might be relevant to a new defense theory in a retrial, the State failed to establish the admissibility of her testimony or that similar evidence could not be elicited from other witnesses.[2] The State failed to show that it was prejudiced by Willey's delay.

Moreover, the doctrine of laches does not preclude our review of Willey's double-jeopardy claim. Laches bars consideration of the claims of one who, by unreasonably delaying in seeking relief, prejudices the State, and prejudice exists when that delay materially diminishes the reasonable likelihood of successful retrial. Because Willey's double-jeopardy claim does not implicate a retrial, there is no prejudice to the State from his delay in asserting that claim.

We therefore conclude that laches does not bar our consideration of Willey's post-conviction claims.

## II. Ineffective Assistance

Willey argues that trial and appellate counsel were ineffective in three ways: (1) failing to raise a double-jeopardy claim based on Indiana law; (2) failing to challenge the burglary-related charges based upon evidence that he and Barnard had consent to enter the garage; and (3) failing to object to the burglary jury instruction.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, failure to satisfy either prong will cause the claim to fail. *French v. State*, 778

---

[2] On direct appeal, our Supreme Court noted that seven other witnesses testified that "Janice had told them that she feared Willey and/or that Willey had threatened to kill her." *Willey*, 712 N.E.2d at 443.

8

N.E.2d 816, 824 (Ind. 2002). "[I]f we can dismiss an ineffective assistance claim on the prejudice prong, we need not address whether counsel's performance was deficient." *Lee v. State*, 892 N.E.2d 1231, 1233 (Ind. 2008).

Counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *French*, 778 N.E.2d at 824. Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference. *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001), *reh'g denied.* A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Perez v. State*, 748 N.E.2d 853, 854 (Ind. 2001).

### A. Double Jeopardy

Willey contends that his convictions for conspiracy to commit burglary (Count II) and felony murder (Count IV) violate Indiana's constitutional prohibition against double jeopardy, because they were based on the same overt act—striking causing death—and trial and appellate counsel were ineffective for failing to raise this claim. Pointing to our Supreme Court's 2006 decision in *Grinstead v. State*, 845 N.E.2d 1027 (Ind. 2006) ("*Grinstead II*"), he claims this failure prejudiced him. We agree.

9

In *Grinstead II*, our Supreme Court found that the failure to raise a double-jeopardy claim under the Indiana Constitution amounted to ineffective assistance:

> At the time Grinstead's direct appeal was filed, this Court had not yet reached our decision in *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999), concerning double jeopardy under . . . the Indiana Constitution. Still, even before *Richardson*, "we [had] long adhered to a series of rules of statutory construction and common law that [were] often described as double jeopardy, but [were] not governed by the constitutional test set forth in *Richardson*." *Pierce v. State*, 761 N.E.2d 826, 830 (Ind. 2002). Among those sorts of claims that we considered to constitute double jeopardy was a claim based on "[c]onviction and punishment for the crime of conspiracy where the overt act that constitutes an element of the conspiracy charge is the very same act as another crime for which the defendant has been convicted and punished." *Richardson*, 717 N.E.2d at 56-57 (Sullivan, J., concurring) (relying on *Chiesi v. State*, 644 N.E.2d 104, 106 (Ind. 1994)); *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002).
>
> These observations were based on *Buie v. State*, 633 N.E.2d 250, 261 (Ind. 1994). *Buie* was decided prior to Grinstead's direct appeal, and its holding was consequently available to appellate counsel. Failure to make a double jeopardy argument based on *Buie* certainly falls within the category of ineffective appellate assistance claims in which counsel failed to present a claim adequately.

845 N.E.2d at 1037.

Willey's trial and appeal, like Grinstead's, predated *Richardson*. And like Grindstead's counsel, Willey's trial and appellate counsel had *Buie* at their disposal. But Willey's counsel had the additional benefit of the language in *Games v. State*, which suggested the existence of a separate double-jeopardy claim based on the Indiana Constitution. 684 N.E.2d 466, 482 n.7 (Ind. 1997) ("Because the defendant fails to present an argument based upon a *separate analysis* of the Indiana Constitution, 'we will only analyze this under federal double jeopardy standards.'") (quotations omitted, emphasis in original). We therefore conclude that trial and appellate counsel were

10

ineffective for failing to make a double-jeopardy argument under the Indiana Constitution.

> After finding deficient performance, the *Grinstead II* Court also found prejudice:

> The State readily concedes that the conspiracy to commit theft and theft charges violate double jeopardy since the only overt act contemplated in the conspiracy charge was the theft. Indeed, as the information filed against Grinstead states, the overt act in furtherance of the conspiracy to commit theft was to "take a wallet and [its] contents from the body of Joseph R. Cross." Consequently, we hold that, in regards to the theft and conspiracy to commit theft sentences, appellate counsel's failure to raise a double jeopardy claim under *Buie* constituted ineffective assistance of counsel and hold that the conviction and sentence for theft should be vacated. *See Buie*, 633 N.E.2d at 261 ("where the State has obtained a conviction for Conspiracy based on the commission of the underlying offense as the overt act, the State *may not* subsequently pursue a prosecution for the underlying offense.") (emphasis added).

845 N.E.2d at 1037-38 (formatting altered). By contrast, the Court did not find prejudice where multiple overt acts were alleged:

> [T]he charges of murder and conspiracy to commit murder were not such that counsel could have made out a *Buie* claim. The conspiracy to commit murder charge contained three overt acts: "[to] take Joseph R. Cross to a remote location, or move the body of Joseph R. Cross from the location where he was killed, or ask another person to provide an alibi." The murder charge stated that Grinstead "did knowingly and intentionally kill another human being." The post-conviction court was thus right to say that appellate counsel was not ineffective on these grounds.

*Id.*[3] Relying on *Grinstead II*'s discussion of overt acts, Willey points out that his convictions for conspiracy to commit burglary (Count II) and felony murder (Count IV)

---

[3] The State invites us to disregard *Grinstead II* and follow *Wieland v. State*, 736 N.E.2d 1198 (Ind. 2000). In *Wieland*, our Supreme Court held that the defendant's convictions for conspiracy to rob a store clerk (victim 1) and felony murder of a deliveryman (victim 2) did not violate double jeopardy. But the overt act charged in the conspiracy was entry into the store while armed with a handgun, and the felony-murder charge was based on the fatal shooting of the deliveryman during the course of robbing the clerk. The overt acts as charged in that case did not give rise to a double-jeopardy violation.

11

were based on the same overt act—striking causing death.[4]  *See* P-C R. 20-21, 70.  Thus, Willey has been convicted and sentenced for the crime of felony murder, but the overt act supporting that charge is the very same act used to support the charge of conspiracy to commit burglary, for which Willey has also been convicted and punished.  This is impermissible.  We hold that trial and appellate counsels' failure to present a double-jeopardy claim under *Buie* constituted ineffective assistance of counsel, and Willey's conviction and fifty-year sentence for conspiracy to commit burglary must be vacated.[5]

### B.  Consent

Willey next contends that trial and appellate counsel were ineffective for failing to raise consent-based challenges to the burglary-related charges against him.

Willey claims that trial counsel was deficient for failing to move for a directed verdict based on "undisputed evidence" that he and Barnard had consent to enter the garage.  This argument fails because the evidence regarding consent was disputed.  There was evidence that Janice had, at times, allowed Willey access to the garage, and there was evidence that Willey had allowed his friends, including Barnard, to enter the garage.  But there was evidence that just before her death, Janice changed the house and garage locks.  And on the day Janice was murdered, the door to the garage was locked.  A directed verdict is only appropriate if there is a total absence of evidence as to the guilt of the accused or where there is no conflict in the evidence and it is susceptible only to an

---

[4] The overt act needed to establish the crime of conspiracy may be performed by the defendant or the person with whom the defendant has conspired.  *See Owens v. State*, 929 N.E.2d 754, 756 (Ind. 2010) (citation omitted).

[5] In light of this conclusion, we need not address Willey's sentencing arguments regarding the now-vacated Count II.

inference in favor of the accused. *State v. Casada*, 825 N.E.2d 936, 938-39 (Ind. Ct. App. 2005). Because the evidence regarding consent was in conflict, we cannot say that trial counsel was deficient for failing to move for a directed verdict.

Nor did trial counsel perform deficiently by not presenting additional evidence on this issue. Willey points to Charles Boyle's and Mike Juillerad's statements at the hearing on his post-conviction petition, but their testimony, *supra* p. 3-4, was cumulative of the other conflicting consent evidence presented at Willey's trial. *See Moredock v. State*, 540 N.E.2d 1230, 1232 (Ind. 1989) (failure to present cumulative evidence is not ineffective assistance of counsel). Finally, Willey argues that trial counsel should have pursued a consent-defense strategy: "a permission[-]to[-]enter defense in the circumstances was much more appropriate and much more likely to result in an acquittal." Appellant's Br. p. 42. But "[f]ew points of law are as clearly established as the principle that tactical or strategic decisions will not support a claim of ineffective assistance. *Conder v. State*, 953 N.E.2d 1197, 1204 (Ind. Ct. App. 2011) (citing *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (quotation omitted), *reh'g denied*). Trial strategy is not subject to attack through an ineffective assistance of counsel claim, unless the strategy is so deficient that it falls outside of the objective standard of reasonableness, *see Davidson v. State*, 763 N.E.2d 441, 447 (Ind. 2002), and that is not the case here. Willey has not shown that trial counsel was ineffective with respect to the issue of consent.

Likewise, we cannot say that appellate counsel was deficient for failing to challenge the sufficiency of evidence on the burglary charges based on consent. In

13

reviewing a sufficiency of the evidence claim, the appellate court does not reweigh the evidence or assess the credibility of the witnesses. *Treadway v. State*, 924 N.E.2d 621, 639 (Ind. 2010). Rather, the court looks to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the convictions if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.* As explained above, there was evidence from which the jury could have concluded that neither Willey nor Barnard had consent to enter the garage; thus, Willey has not shown ineffective assistance.

### *C. Jury Instruction*

Willey also claims that counsel was ineffective for failing to challenge the jury instruction for Count V, Class A felony burglary resulting in serious bodily injury. On this issue, Willey only challenges trial counsel's performance. *See* Appellant's Br. p. 47-49.

> Willey contests the following instruction:
>
> [] Willey did then and there unlawfully, knowingly or intentionally aid, cause or induce Roger Barnard to commit the crime of Burglary Resulting in Bodily Injury or Serious Bodily Injury to a person other than the Defendant, to wit: knowingly or intentionally enter the building or structure of another person with intent to commit a felony in it, to wit: Murder and/or Battery Causing Serious Bodily Injury and/or Aggravated Battery and/or Battery with a Deadly Weapon, to wit: Roger Barnard broke and entered the garage of Janice Willey with intent to commit a felony in it, struck Janice Willey with deadly force to the head and/or strangled her and/or suffocated her which resulted in her death.

P-C Tr. p. 2634-35. He claims that the inclusion of multiple alleged overt acts makes it impossible to determine whether the jury reached a unanimous verdict on this count,

14

which prejudiced him because Count V provided the underlying felony for Count IV, felony murder. *See* Appellant's Br. p. 49.

"While jury unanimity is required as to a defendant's guilt, it is not required with respect to the theory of the defendant's culpability." *Taylor v. State*, 840 N.E.2d 324, 333 (Ind. 2006). "The State may allege alternative means or 'theories of culpability' when prosecuting a defendant for a single offense." *Baker v. State*, 948 N.E.2d 1169, 1175 (Ind. 2011) (citing *Vest v. State*, 930 N.E.2d 1221, 1225 (Ind. Ct. App. 2010)). "In essence the State is permitted to 'present[ ] the jury with alternative ways to find the defendant guilty as to *one element.*'" *Id.* (citing *Cliver v. State*, 666 N.E.2d 59, 67 (Ind. 1996) and *Taylor*, 840 N.E.2d at 333-34 ("It is settled that as long as each juror is convinced beyond a reasonable doubt that the defendant is guilty of murder as that offense is defined by statute, it need not decide unanimously by which theory he is guilty.")).

Here, the State merely presented the jury with alternative ways to find Willey guilty as to one element of Count V. For this reason, we find no error.

Affirmed in part and reversed in part.

RILEY, J., and MAY, J., concur.

15