## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 15 2015, 8:46 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

---

APPELLANT *PRO SE*

Albert Pauley, Jr.
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Albert Pauley, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 15, 2015

Court of Appeals Case No.
12A02-1501-PC-46

Appeal from the Clinton Circuit Court;
The Honorable Jeffrey Edens, Special Judge;
12C01-1303-PC-274

**May, Judge.**

[1] Albert Pauley, Jr., appeals the denial of his petition for post-conviction relief. We consolidate and restate the issues presented as:

1. Whether the post-conviction court properly determined Pauley's claims regarding his sentencing were barred by *res judicata*; and

2. Whether the post-conviction court properly determined Pauley's remaining claims were barred by laches.

[2] We affirm.

## Facts and Procedural History

[3] On March 17, 1995, a jury found Pauley guilty of murder.[1] The trial court sentenced Pauley to sixty years. Pauley appealed his conviction and sentence, and our Indiana Supreme Court affirmed the judgment. *Pauley v. State*, 668 N.E.2d 1212 (Ind. 1996).

[4] On March 15, 2013, Pauley filed a petition for post-conviction relief alleging inappropriate sentence, prosecutorial misconduct, and abuse of discretion by the trial court when admitting certain evidence. The post-conviction court denied his petition with findings of fact and conclusions of law on December 26, 2014.

---

[1] Ind. Code § 35-42-1-1 (1993).

# Discussion and Decision

Post-conviction proceedings are not "super appeals"; rather, those proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Wilkes v. State,* 984 N.E.2d 1236, 1240 (Ind. 2013). Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. *Id.*

When a petitioner appeals the denial of post-conviction relief, he appeals from a negative judgment and has the burden of proof. *Id.* Consequently, we may not reverse unless the petitioner demonstrates the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Id.* "'In other words, the [petitioner] must convince this Court that there is *no* way within the law that the court below could have reached the decision it did.'" *Stevens v. State,* 770 N.E.2d 739, 746 (Ind. 2002) (emphasis in original). We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not defer to its conclusions of law. *State v. Hollin,* 970 N.E.2d 147, 151 (Ind. 2012). We may not reweigh the evidence or assess the credibility of the witnesses. *Id.* at 150.

## *Res Judicata*

Pauley argues the trial court at sentencing and the Supreme Court when deciding his direct appeal considered incorrect aggravators, inappropriately

weighed aggravators, and did not acknowledge mitigating factors that were supported by the record.

[8] Those claims are barred by *res judicata*. "[W]hen this Court decides an issue on direct appeal, the doctrine of *res judicata* applies, thereby precluding its review in post-conviction proceedings." *State v. Holmes*, 728 N.E.2d 164, 168 (Ind. 2000). "This prevents the repetitious litigation of that which is essentially the same dispute." *Id.* "A petitioner cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define an alleged error." *Id.*

[9] On direct appeal, Pauley claimed "the trial court's findings are inadequate to support enhancing the sentence to sixty years." *Pauley v. State*, 668 N.E.2d 1212, 1213 (Ind. 1996).[2] Our Indiana Supreme Court determined the trial court had properly considered the aggravators and had provided an adequate assessment of Pauley that supported his sentence. *Id.* at 1213-14. It noted Pauley did "not claim on appeal that there were any [mitigators]." *Id.* at 1213.

[10] To the extent Pauley is arguing our Indiana Supreme Court misrepresented the facts, his avenue of redress would have been to ask for a rehearing. Pauley may not re-litigate an issue that has already been decided. *See Lowery v. State,* 640 N.E.2d 1031, 1037 (Ind. 1994) (issue raised and found against an appellant on direct appeal is *res judicata* in post-conviction proceedings).

---

[2] The record does not include the briefs from Pauley's direct appeal.

To the extent Pauley argues this sentencing argument is not the same one he presented on direct appeal, we note "issues that were available, but not presented, on direct appeal are forfeited on post-conviction review." *Holmes*, 728 N.E.2d at 168. As his sentencing argument was available at the time of his direct appeal, it is now waived. *See Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001) (if an issue is known and available, but not raised on direct appeal, it is waived).

## *Laches*

In his post-conviction petition, Pauley also asserted claims of prosecutorial misconduct and inappropriate admission of evidence. The post-conviction court found those claims barred by laches.

"The equitable doctrine of laches operates to bar consideration of the merits of a claim or right of one who has neglected for an unreasonable time, under circumstances permitting due diligence, to do what in law should have been done." *Armstrong v. State*, 747 N.E.2d 1119, 1120 (Ind. 2001). "For laches to apply, the State must prove by a preponderance of the evidence that the petitioner unreasonably delayed in seeking relief and that the State is prejudiced by the delay." *Id.* For purposes of demonstrating laches in a post-conviction proceeding, "prejudice exists when the unreasonable delay operates to materially diminish a reasonable likelihood of successful re-prosecution." *Id.*

> In reviewing claims that evidence is insufficient to show laches, we do not reweigh the evidence nor judge the credibility of the witnesses. We consider only that evidence most favorable to the judgment,

together with all reasonable inferences to be drawn therefrom. If the determination of the court is supported by substantial evidence of probative value, the judgment will be affirmed.

*Williams v. State*, 716 N.E.2d 897, 901 (Ind. 1999).

[14] Pauley waited seventeen years to file his petition for post-conviction relief, and the post-conviction court found Pauley's explanation for his delay lacked credibility. (*See* Appellant's Br. at 37 ("Petitioner's explanation for his delay in filing the petition is given no weight.").)[3] The State presented evidence that its ability to re-prosecute this matter would be hindered by the passage of time and the death of one of the witnesses. As we may not reweigh the evidence or assess the credibility of the witnesses, we find no error in the court's conclusion Pauley's other claims were barred by laches.

[15] Even if Pauley's claims were not barred by laches, they were forfeited for post-conviction proceedings because they were available, but not raised, on direct appeal. *See Holmes*, 728 N.E.2d at 168 (issues available but not presented on direct appeal are forfeited on post-conviction review).

---

[3] As Pauley did not include the post-conviction court's findings of fact and conclusions of law in his appendix, we cite to the copy in his brief. The page numbers on the order are not consecutive to the page numbers in the brief. We have taken the liberty of numbering the pages consecutively.

# Conclusion

[16] The claims Pauley raises as to his sentence are *res judicata*. Pauley's claims regarding evidence and prosecutorial misconduct are barred by laches and were waived when they were not raised on direct appeal. Accordingly, we affirm.

[17] Affirmed.

Robb, J., and Mathias, J., concur.