## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2015, 6:19 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Kimmerly A. Klee<br>Greenwood, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Karl Scharnberg<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nick Adams,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 30, 2015<br><br>Court of Appeals Case No.<br>49A02-1506-CR-535<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Jeffrey Marchal, Magistrate<br><br>Trial Court Cause No.<br>49G06-1502-F5-6560 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a jury trial, Nick Adams was convicted of operating a vehicle while privileges are forfeited for life, a Level 5 felony. The trial court sentenced him to four years executed in the Department of Correction. Adams appeals, raising the sole issue of whether his sentence is inappropriate in light of the nature of the offense and his character. Concluding Adams' sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] On February 23, 2015, Jeremy Heidrich was driving in Indianapolis, northbound on I-65, when he observed a burgundy Ford Taurus traveling at a high rate of speed in the same direction. As the Taurus approached a curve, the driver of the Taurus lost control of the car and struck the rear end of a red Chevy pickup truck driven by Ed Woods. The impact caused the pickup truck to spin out and hit the retaining wall.

[3] The Taurus did not stop and continued northbound away from the accident. Heidrich followed the Taurus and eventually pulled alongside it. Heidrich yelled for the driver of the Taurus to pull over and attempted to photograph the driver. The male driver noticed Heidrich's attempt and obscured his face, but Heidrich was still able to photograph the car and its license plate. Eventually, the Taurus exited on the Washington Street ramp and turned right. Heidrich

also exited at Washington Street but immediately reentered I-65 to return to the scene of the accident.

[4]     When Heidrich arrived at the scene of the accident, he exited his vehicle to speak with Woods. A few minutes later, Indiana State Police Trooper Michael Meinczinger pulled in behind Woods' pickup truck. After speaking with Woods, Trooper Meinczinger spoke with Heidrich. Heidrich relayed his observations and showed Trooper Meinczinger the photos of the Taurus. Trooper Meinczinger ran the license plate number and discovered the Taurus was registered to Theresa Russell. During their conversation, roughly fifteen minutes after the accident, the Taurus pulled in behind Trooper Meinczinger's patrol car. An elderly woman was driving the Taurus.

[5]     Adams exited the Taurus, approached Trooper Meinczinger, and identified the driver as his mother, Theresa Russell. Adams stated his mother was driving the Taurus at the time of the accident. Trooper Meinczinger walked over to the Taurus to speak with Russell. At some point, Adams interrupted their conversation and admitted he was an habitual traffic violator.

[6]     Trooper Meinczinger arrested Adams, and the State charged Adams with operating a vehicle while privileges are forfeited for life, a Level 5 felony. A jury trial was held on May 6, 2015. The jury found Adams guilty as charged, and the trial court sentenced him to four years executed in the Department of Correction. This appeal followed.

# Discussion and Decision

## I. Standard of Review

Adams contends his sentence is inappropriate in light of the nature of the offense and his character. He argues the trial court "levied a 'trial tax'" against him because the imposed sentence "surpassed the harshest executed sentence proposed by the State" during plea negotiations. Brief of Appellant at 6-7.[1]

Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Whether we regard a sentence as inappropriate turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The defendant bears the burden of persuading this court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

## II. Inappropriate Sentence

As to the nature of the offense, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Id.* at 1081. Adams was convicted of operating a vehicle while privileges are

---

[1] Prior to trial, the trial court asked the prosecutor to explain Adams' "options." Transcript at 4. In doing so, the prosecutor recounted the terms of the four different plea offers extended to Adams.

forfeited for life, a Level 5 felony. A Level 5 felony carries a possible sentence of one to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b). Here, the trial court sentenced Adams to four years executed in the Department of Correction.

[10] We conclude the nature of the offense supports the sentence imposed. In addition to driving when he was prohibited from doing so, Adams caused an accident, fled the scene of the accident, and attempted to evade prosecution by shifting the blame to his mother, who was undergoing treatment for cancer. *See* Tr. at 115.

[11] As to Adams' character, his criminal history includes ten felony and nine misdemeanor convictions as an adult, as well as five true findings as a juvenile. He has prior felony convictions for operating a vehicle while privileges are forfeited for life, operating a vehicle while suspended as an habitual traffic violator, and operating a vehicle while intoxicated. Adams' Bureau of Motor Vehicles Record reveals his driver's license has been suspended thirty-five times since 1990. *See* Appellant's Appendix at 16-22. In short, Adams has repeatedly demonstrated he cannot operate a vehicle safely and in compliance with the law, but he continues to drive and endanger the public.

[12] Both the nature of the offense and Adams' character support the sentence imposed by the trial court. And the fact that Adams may have received a shorter sentence had he pleaded guilty does not show the trial court penalized Adams for going to trial. *See Pauley v. State*, 668 N.E.2d 1212, 1213 (Ind. 1996)

(noting leniency in sentencing is a constitutionally permissible incentive for a defendant to enter a plea agreement). To the extent Adams argues the trial court imposed a harsher sentence because he exercised his right to a jury trial, we find no support for this contention in the record. *See Corcoran v. State*, 739 N.E.2d 649, 654 (Ind. 2000) (requiring a specific showing that a sentence was improperly influenced by a defendant's exercise of his right to a jury trial).

# Conclusion

[13] Adams' sentence is not inappropriate in light of the nature of the offense and his character. We therefore affirm his sentence of four years executed in the Department of Correction.

[14] Affirmed.

Barnes, J., and Altice, J., concur.